UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAFFI KHATCHADOURIAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action 16-cv-0311 (RCL-DAR) |
| v. | ) | |
| | ) | |
| DEFENSE INTELLIGENCE | ) | |
| AGENCY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Court's December 7, 2018 Order (ECF No. 68), Defendant Defense Intelligence Agency ("DIA") submits the following amended objections and responses to Plaintiffs' First Set of Interrogatories to Defendants ("Plaintiff's Interrogatories"). DIA's initial Objections to Plaintiff's First Set of Interrogatories were properly submitted under Rule 33 of the Federal Rules of Civil Procedure.

## GENERAL STATEMENT AND OBJECTIONS

1.      DIA objects to Plaintiff's Interrogatories for the reasons set forth at length in its Opposition to Plaintiff's Motion to Compel, ECF No. 62 at 5-8, and its Opposition to Plaintiff's Motion For Bifurcated Briefing and Leave to Conduct Discovery ("Opposition"), ECF No. 54 at 7-11, and for the reasons further set forth below.

2.      DIA objects that the information sought in Plaintiff's Interrogatories is not relevant to Plaintiff's claims nor is it proportional to the needs of the case. Neither the Court's February 23, 2018 Minute Order, nor the Court's December 7, 2018 order, specifically ruled that

Plaintiff's Interrogatories are relevant, and DIA's summary judgment motion, filed on August

31, 2018 (ECF No. 64), demonstrates that Plaintiff's interrogatories are not relevant.

Plaintiff seeks discovery regarding internal agency notes made by a FOIA analyst

observing that certain documents to which Exemptions 1 and 3 were applied at an early stage of

the agency's processing efforts contained some unclassified information.  Interrogatories Nos. 1-

4.  Such internal agency debate about a preliminary classification decision is irrelevant to the

question of whether the agency's ultimate classification decision is correct, which is judged

based on the declarations the agency submits at summary judgment to justify its classification

decision. *See Goldberg v. U.S. Dep't of State*, 818 F.2d 71, 80-81 (D.C. Cir. 1987) (holding that

fact that some ambassadors marked their responses to a questionnaire "unclassified" did not

create a material issue of fact as to validity of agency's later decision to classify the responses);

*Evans v. Central Intelligence Agency*, 2014 WL 4357470, 11-cv-02544, at *2-3 (D. Colo., July 9,

2014) (Ex. 1 to DIA's Opposition, ECF No. 54-1) (denying the plaintiff's motion for discovery

into the CIA's supposed change in position as to whether the photographs of Osama Bin Laden's

deceased body were classified; "[t]he fact that [CIA] Director Panetta expressed a view different

from the CIA's ultimate classification of the photographs indicates only that there may have been

internal debate about the issue within the agency.  But the opinion simply has no bearing on

whether the CIA's classification and refusal to furnish photographs to Mr. Evans was justified.");

*Evans v. Central Intelligence Agency*, 2014 WL 4357470, 11-cv-02544, at *2-3 (D. Colo., Sept.

2, 2014) (finding that Mr. Panetta's statement "is entirely irrelevant to the question of whether

the CIA's subsequent invocation of Exemption 1 to deny Mr. Evans' FOIA request was proper").

*See also Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1152-53 (D.C. Cir. 1991) (Ginsburg,

R.B., J.) (under FOIA, court evaluates agency's decision to withhold information at the time it

was made).  In the sole case on which Plaintiff relies, *Schaffer v. Kissinger*, 505 F.2d 389 (D.C.

Cir. 1974) (per curiam), the court permitted discovery where the agency failed to demonstrate at

summary judgment that the documents were stamped as classified and that other classification

procedures were followed – a situation markedly different from that here.

3.      DIA further objects that even if Plaintiff's Interrogatories sought information that

was relevant (and they do not for the reasons set forth herein), they are premature and are

inconsistent with Federal Rule of Civil Procedure 56(d).  Whether a FOIA case "warrants

discovery is a question of fact that can only be determined *after* the defendants file their

dispositive motion and accompanying affidavits."  *Murphy v. FBI*, 490 F. Supp. 1134, 1136

(D.D.C. 1980) (emphasis added) (surveying FOIA case law establishing "self-evident principle"

that "a factual issue that is properly the subject of discovery can arise only after the government

files its affidavits and supporting memorandum of law").  A party seeking discovery pursuant to

Rule 56(d) must "submit an affidavit which states with sufficient particularity why additional

discovery is necessary." *United States ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19,

26 (D.C. Cir. 2014) (quoting *Convertino v. DOJ*, 684 F.3d 93, 99 (D.C. Cir. 2012)).  Because

Plaintiff sought discovery prior to summary judgment, its interrogatories are premature.

4.      DIA expressly reserves the right to object to further discovery on the subject

matter of any of Plaintiff's Interrogatories and the introduction into evidence of any answer or

portion thereof.

5.      Each of the foregoing General Objections is incorporated by reference into each

and every specific response set forth below.  Notwithstanding the specific responses to any

interrogatory, DIA does not waive any of these General Objections.

## RESPONSES TO PLAINTIFF'S INTERROGATORIES

### INTERROGATORY NO. 1:

For each of "the documents being denied in full" that "contain unclassified/FOUO paragraphs where the blanket use of Bl and B3 is being used incorrectly[,]" as referenced in paragraph four of the NOVEMBER 5, 2012 EMAIL:

(A) IDENTIFY the DOCUMENT;

(B) State whether the DOCUMENT has been released to Plaintiff in part or in full in connection with THIS ACTION; and

(C) State whether the DOCUMENT is reflected on the DRAFT VAUGHN INDEX and, if applicable, state where it is reflected on the DRAFT VAUGHN INDEX.

### Response to Interrogatory No. 1:

The November 5, 2012 email, attached as Exhibit A to Plaintiff's Interrogatories, stated that "DX"—the office within DIA that the agency concluded would be most likely to possess responsive records to Plaintiff's original FOIA request — had reviewed 433 documents and provided six of these documents as partially releasable to DIA's FOIA Office, and that DX believed that the remaining 427 documents should be denied in full pursuant to B1 and B3. The November 5, 2012 email indicated that one of DIA's FOIA officers, Anthony Kenon, had noted that "[s]ome of the documents being denied in full contain unclassified/FOUO paragraphs where the blanket use of B1 and B3 is being used incorrectly." The November 5, 2012 email does not indicate which specific documents Mr. Kenon reviewed, nor are these documents identified in any of the other emails attached to Plaintiff's Interrogatories. *See* Exs. A-D to Plaintiff's First Set of Interrogatories. Similarly, the specific documents that Mr. Kenon reviewed are not identified in any of the other records contained in the administrative file associated with the processing of Plaintiff's FOIA request, which have been processed and released, with

appropriate withholdings, to Plaintiff in response to his FOIA request seeking the administrative records associated with his original FOIA request (nor is this information in any redacted portions of those records).

Due to the vague nature of the reference to "some" of the documents and the six years that have passed since the creation of this email, DIA is unable to identify the specific documents to which the email referred. DIA conducted a reasonable inquiry into this matter, including contacting Anthony Kenon, the FOIA Officer whose email and findings are referenced in this email.[1] As Mr. Kenon explained, given the cursory nature of his review (*see* Ex. A: "I've viewed a few of the denied in full documents . . ."), the amount of time that has passed since he conducted it, and the volume of records at issue in this case, he does not recall which specific documents he was referring to. Mr. Kenon stated that he does not have any additional notes or records that shed further light on which documents he reviewed and that any related notes or records bearing on this question would have been contained in the administrative file that was processed and released, with appropriate withholdings, to Plaintiff. *See supra.*

In an attempt to refresh Mr. Kenon's recollection, DIA had Mr. Kenon review *Vaughn* Index – Part I, which includes all the records processed from the IRTF database in response to Plaintiff's administrative appeal. After reviewing the *Vaughn* index, Mr. Kenon was still unable to recall any specific documents that he was referring to back in 2012 and 2013. In a further attempt to refresh his recollection, Mr. Kenon re-reviewed the internal DIA email exchanges contained in the administrative file relating to plaintiff's FOIA request and appeal. He also spoke with another FOIA colleague with knowledge of this FOIA request and appeal. Despite

---

[1] The email was sent by a DIA officer who is now deceased.

these steps, Mr. Kenon was still unable to recall any specific documents that he was referring to back in 2012 and 2013.

Mr. Kenon further clarified that the November 5, 2012 email accurately reflects the DIA FOIA Office's standard quality control process, whereby the FOIA Office conducts a review of initial draft responses to FOIA requests received from the tasked subject matter offices to ensure proper application of the FOIA statute and its exemptions.  If the FOIA Office has questions about the application of specific exemptions, it will reach back to the appropriate subject matter office for clarification and/or re-review of the documents.  This protocol was followed here.  As demonstrated in Plaintiff's Exhibits A-D, Mr. Kenon contacted DX, the tasked subject matter office, and asked that office to re-review the documents that were being withheld in full to ensure that only information that was in fact classified was withheld as such.  This is consistent with Mr. Kenon's recollection that he re-tasked the office to review its response.

DIA believes that all records referenced in the November 5, 2012 email were reviewed in response to Plaintiff's administrative appeal, dated November 12, 2013, since DIA conducted a review of all records in the IRTF database at that time and identified 450 responsive records that were subsequently reviewed and processed by the FOIA Office.  *See* Declaration of Alesia Y. Williams in Support of Defendants' Motion for Summary Judgment, ECF No. 64-1, at ¶¶ 9, 13. The FOIA Office further confirmed that all documents processed in response to Plaintiff's FOIA request and the subsequent administrative appeal underwent a thorough review and quality check to ensure information was properly withheld or released.  Indeed, as recently as August 2018, DIA made a supplemental release to Plaintiff of previously withheld information in 16 records that it subsequently determined, through its quality-control process, to be releasable.

**INTERROGATORY NO. 2:**

For each of "the documents located on the shared drive at [redacted]" that included "unclassified portions that were being denied under B1[,]" as referenced in the NOVEMBER 5, 2012 NOTE:

(A) IDENTIFY the DOCUMENT;

(B)  State whether the DOCUMENT has been released to Plaintiff in part or in full in connection with THIS ACTION;  and

(C)  State whether the DOCUMENT is reflected on the DRAFT VAUGHN INDEX and, if applicable, state where it is reflected on the DRAFT VAUGHN INDEX.


**Response to Interrogatory No. 2**:

The "11/5/12 A Kenon FXP note" attached as Plaintiff's Exhibit B refers to the same review as the November 12, 2012 email attached as Plaintiff's Exhibit A.  Therefore, DIA incorporates herein its response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

For each of "Six PR docs" that "contained unclass info withheld under (b)(1)," as referenced in the second paragraph of the MAY 23, 2013 E-MAIL:

(A) IDENTIFY the DOCUMENT;

(B)  State whether the DOCUMENT has been released to Plaintiff in part or in full in connection with THIS ACTION;  and

(C)  State whether the DOCUMENT is reflected on the DRAFT VAUGHN INDEX and, if applicable, state where it is reflected on the DRAFT VAUGHN INDEX.

**Response to Interrogatory No. 3**:

The May 23, 2013 email, attached as Exhibit C to Plaintiff's Interrogatories, stated that an October 2012 review of the file associated with Plaintiff's initial FOIA request found that "[s]ix PR [partial release] docs contained unclass info withheld under (b)(1)."  The May 23, 2013 email, which appears to be a summary of the status of the request, does not identify who

conducted the review.  Moreover, the email does not indicate which specific documents were reviewed, nor are these documents identified in any of the other emails attached to Plaintiff's Interrogatories.  *See* Exs. A-D to Plaintiff's First Set of Interrogatories.  Similarly, the specific documents reviewed are not identified in any of the other records contained in the administrative file associated with the processing of Plaintiff's FOIA request, which have been processed and released, with appropriate withholdings, to Plaintiff in response to his FOIA request seeking the administrative records associated with his original FOIA request (nor is this information in any redacted portions of those records).

DIA conducted a reasonable inquiry into this matter, including contacting Anthony Kenon, the FOIA Officer identified in other emails as having conducted the referenced review.[2] Mr. Kenon does not recall to which documents the "[s]ix PR docs" in the email refer to. However, DIA believes that the six records are the same as the six records identified in its September 13, 2013 response letter to Plaintiff's initial FOIA request.  This is because the September 13, 2013 response letter also references six records, and the date of this letter logically correlates to the dates of the quality control review that are reflected in Plaintiff's Exhibits A-D.  Moreover, of the six records referenced in the September 13, 2013 response letter, three were partially released, two were released in full, and one was denied, suggesting that a re-review of the "[s]ix PR docs" did, in fact, occur (otherwise, they would have all been partially released).  Those six records are as follows:

(1) 1-page information memorandum dated July 29, 2011 with the subject "Information Review Task Force Final Report."  This document was released in part in response to Plaintiff's initial FOIA request.  It was not released in response to Plaintiff's

---

[2] The FOIA Officer who sent this email is on extended medical leave.

administrative appeal during the course of this litigation, but was identified to Plaintiff as a previously processed record in DIA's October 4, 2016 release letter. The document was inadvertently omitted from DIA's *Vaughn* Index. A supplemental *Vaughn* Index is being filed concurrently with these responses. This document is reflected therein as V-845.

(2) 119-page Final Report of the Department of Defense Information Review Task Force dated June 15, 2011. This document was released in part in response to Plaintiff's initial FOIA request. It was not released in response to Plaintiff's administrative appeal during the course of this litigation, but was identified to Plaintiff as a previously processed record in DIA's August 17, 2016 release letter. The document was inadvertently omitted from DIA's *Vaughn* Index. A supplemental *Vaughn* Index is being filed concurrently with these responses. This document is reflected therein as V-846.

(3) 2-page Slide Deck dated May 5, 2011. This document was released in full in response to Plaintiff's initial FOIA request. It was not released in response to Plaintiff's administrative appeal during the course of this litigation, but was identified to Plaintiff as a previously processed record in DIA's October 4, 2016 release letter. The document was inadvertently omitted from DIA's *Vaughn* Index. A supplemental *Vaughn* Index is being filed concurrently with these responses. This document is reflected therein as V-847.

(4) 3-page Slide Deck dated August 8, 2010. This document was released in full in response to Plaintiff's initial FOIA request. It was not released in response to Plaintiff's administrative appeal during the course of this litigation. It was initially

inadvertently identified to Plaintiff as a duplicate, rather than as a previously processed record, in DIA's October 4, 2016 release letter. The document was inadvertently omitted from DIA's *Vaughn* Index. A supplemental *Vaughn* Index is being filed concurrently with these responses. This document is reflected therein as V-848.

(5) 7-page Slide Deck titled "IRTF Slide Deck" dated August 15, 2010. This document was released in part in response to Plaintiff's initial FOIA request. Due to the volume of records processed in this matter, during the processing of records in the administrative appeal, the document was not identified as having been previously processed in September 2013. Accordingly, it was also released in part in response to Plaintiff's administrative appeal during the course of this litigation as part of DIA's October 25, 2016 release. The document is reflected in DIA's Vaughn Index as document V-436 (October 25, 2016 release) and V-849 (September 13, 2013 release).

(6) 8-page undated classified document identified as denied in full in response to Plaintiff's initial FOIA request. It was not released in response to Plaintiff's administrative appeal during the course of this litigation, but was identified as a previously processed record in DIA's July 18, 2016 release letter. The document was inadvertently omitted from DIA's *Vaughn* Index. A supplemental *Vaughn* Index is being filed concurrently with these responses. This document is reflected therein as V-850.

**INTERROGATORY NO. 4:**

For each of the "documents in the IRTF Archive folder" which contained "unclassified information ... denied for FOIA release citing FOIA b1[,]" as referenced in the 5th numbered paragraph of the JUNE 25, 2013 E-MAIL:

(A) IDENTIFY the DOCUMENT;

(B)  State whether the DOCUMENT has been released to Plaintiff in part or in full in connection with THIS ACTION;  and

(C)  State whether the DOCUMENT is reflected on the DRAFT VAUGHN INDEX and, if applicable, state where it is reflected on the DRAFT VAUGHN INDEX.

**Response to Interrogatory No. 4**:

The June 25, 2013 email attached as Plaintiff's Exhibit D refers to the same review as the November 12, 2012 email attached as Plaintiff's Exhibit A.  Therefore, DIA incorporates herein its response to Interrogatory No. 1.


**AS TO THE OBJECTIONS**:

Dated: December 20, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Nicholas Cartier*
NICHOLAS CARTIER
(D.C. Bar # 495850)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 616-8351
E-mail: nicholas.cartier@usdoj.gov
*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I certify that on December 20, 2018, a true and correct copy of Defendants' Amended Objections and Responses to Plaintiffs' First Set of Interrogatories was sent via email to counsel for Plaintiffs, Adam Marshall and Katie Townsend, at amarshall@rcfp.org and ktownsend@rcfp.org.

Dated: December 20, 2018

_____/s/_____
NICHOLAS CARTIER
*Attorney for Defendants*

## VERIFICATION

I declare under penalty of perjury that the foregoing responses to Plaintiffs' First Set of

Interrogatories Nos. 1-4 are true and correct.

_____

Anthony Kenon
Freedom of Information Act and Declassification Service Office, DIA

December 20, 2018