UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAFFI KHATCHADOURIAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-cv-0311 (RCL) |
| DEFENSE INTELLIGENCE AGENCY, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S STATMENET OF MATERIAL FACTS**

Pursuant to Local Rule 56.1, Defendants respond, by and through undersigned counsel, to Plaintiff's Statement of Undisputed Material Facts in Support of Partial Summary Judgment ("Plaintiff's Statement") as follows.

**OBJECTIONS**

1. Defendants object to Plaintiff's Statement to the extent that the statements in the paragraphs are not supported by citation "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations." Local Rule 56.1 likewise requires that each factual assertion "must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.)." The assertions Plaintiff makes are not "facts" that can properly substantiate a motion for summary judgment.

2. Defendants object to Plaintiff's Statement on the ground that the alleged facts, regardless of whether true, are not material to the resolution of Plaintiff's Motion for Summary

Judgment in this Freedom of Information Act case. *See* LRCiv 56.1(a) (requiring a statement "setting forth each material fact" and statement that it "should include only those facts that the Court needs to decide the motion"). "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Evid. 401 (stating that "[e]vidence is relevant if . . . the fact is of consequence in determining the action"). Almost none of the purported facts in these paragraphs has any bearing on the outcome of this suit under applicable law. Because Defendant must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(c), LRCiv 56.1, Defendant is not required to respond to those paragraphs.

## RESPONSES

Plaintiff's numbered statements are reproduced below, each followed by Defendants' response.

29. To the extent this paragraph purports to characterize Plaintiff's FOIA request letter, defendants refer the court to that document for its full and accurate contents.

30. To the extent this paragraph purports to characterize Plaintiff's FOIA request letter, defendants refer the court to that document for its full and accurate contents.

31. To the extent this paragraph purports to characterize Plaintiff's FOIA request letter, defendants refer the court to that document for its full and accurate contents.

32. Undisputed that DIA sent a letter to Plaintiff dated September 13, 2013, to which Defendants respectfully directs the Court for a complete and accurate statement of its contents.

33. Undisputed, although Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

34. These are not material facts and are in part legal conclusions.

35. These are not material facts and are in part legal conclusions.

36. Undisputed.

37. To the extent this paragraph purports to characterize Exhibits attached to the Declaration of Katie Townsend, submitted in support of Plaintiff's Motion for Summary Judgment (hereinafter "Townsend Decl."), Defendants refer the court to those documents for their full and accurate content.

38. To the extent this paragraph purports to characterize Exhibits attached to the Townsend Decl., Defendants refer the court to those documents for their full and accurate content.

39. These are not material facts.

40. Defendants dispute this paragraph to the extent it purports to characterize DIA's search for responsive records. Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material.

41. To the extent this paragraph purports to characterize Exhibits attached to the Townsend Decl., Defendants refer the court to those documents for their full and accurate content.

42. To the extent this paragraph purports to characterize Exhibits attached to the Townsend Decl., Defendants refer the court to those documents for their full and accurate content.

43. To the extent this paragraph purports to characterize Exhibits attached to the Townsend Decl., Defendants refer the court to those documents for their full and accurate content.

44. Defendants dispute this paragraph to the extent it purports to characterize DIA's search for responsive records. Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material.

45. To the extent this paragraph purports to characterize Exhibits attached to the Townsend Decl., Defendants refer the court to those documents for their full and accurate content.

46. To the extent this paragraph purports to characterize Exhibits attached to the Townsend Decl., Defendants refer the court to those documents for their full and accurate content.

47. This paragraph sets forth Plaintiff's characterization of information withheld from release by Defendants pursuant to applicable FOIA exemptions. Plaintiff has not established this allegation in the record.

48. These are not material facts.

49. These are not material facts.

50. These are not material facts.

51. Defendants dispute this paragraph to the extent it purports to characterize DIA's search for responsive records. Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material.

52. These are not material facts. Defendants nonetheless admit the allegations but refer the Court to the full version of the cited material.

53. To the extent this paragraph purports to characterize Defendants' Declaration of Alesia Y. Williams, submitted in support of their Motion for Summary Judgment (hereinafter "Williams Decl."), Defendants refer the court to that document for its full and accurate content.

54. To the extent this paragraph purports to characterize the Townsend Decl., Defendants refer the court to that document for its full and accurate content.

55. To the extent this paragraph purports to characterize the Williams Decl., Defendants refer the court to that document for its full and accurate content.

56. To the extent this paragraph purports to characterize the Williams Decl., Defendants refer the court to that document for its full and accurate content.

57. To the extent this paragraph purports to characterize the Williams Decl., Defendants refer the court to that document for its full and accurate content.

58. To the extent this paragraph purports to characterize the Williams Decl., Defendants refer the court to that document for its full and accurate content.

59. To the extent this paragraph purports to characterize the Williams Decl., Defendants refer the court to that document for its full and accurate content.

60. To the extent this paragraph purports to characterize information contained in the Williams Decl. and the referenced Joint Status Report, Defendants refer the court to those documents for its full and accurate content.

61. To the extent this paragraph purports to characterize information contained in the Williams Decl. and Plaintiff's FOIA request, Defendants refer the court to those documents for its full and accurate content.

62. To the extent this paragraph purports to characterize the Williams Decl., Defendants refer the court to that document for its full and accurate content.

63. Defendants dispute this paragraph to the extent it purports to characterize DIA's search for responsive records. Plaintiff's characterization is not supported by admissible evidence and is not a material fact. Plaintiff has not established this allegation in the record and misconstrues the cited material.

64. These are not material facts.

65. These are not material facts.

66. These are not material facts.

67. These are not material facts.

68. These are not material facts.

69. These are not material facts.

70. These are not material facts.

71. Defendants dispute this paragraph to the extent it purports to characterize DIA's search for responsive records. Plaintiff's characterization is not supported by admissible evidence and is not material fact. Plaintiff has not established this allegation in the record and misconstrues the cited material.

72. These are not materials facts.

73. These are not materials facts.

74. Defendants dispute this paragraph to the extent it purports to characterize DIA's search for responsive records. Plaintiff's characterization is not supported by admissible evidence and is not a material fact. Plaintiff has not established this allegation in the record and misconstrues the cited material.

75. These are not materials facts.

76. These are not materials facts.

77. These are not materials facts.

78. Defendants dispute this paragraph to the extent it purports to characterize DIA's search for responsive records. Plaintiff's characterization is not supported by admissible evidence and is not a material fact. Plaintiff has not established this allegation in the record and misconstrues the cited material.

79. To the extent this paragraph purports to characterize the Williams Decl., Defendants refer the court to that document for its full and accurate content.

80. Defendants refer the court to the Amended *Vaughn* index, filed on March 20, 2019, which reflects Defendants' release determination on the identified records (ECF No. 75-1).

81. This paragraph sets forth Plaintiff's characterization of information withheld from release by Defendants pursuant to applicable FOIA exemptions. Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material.

82. To the extent this paragraph purports to characterize Defendants' Amended Objections and Responses to Plaintiff's First Set of Interrogatories, attached as Exhibit 22 to the Townsend Decl., Defendants refer the court to that document for its full and accurate content. Additionally, Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material.

83. This paragraph sets forth Plaintiff's characterization of information withheld from release by Defendants pursuant to applicable FOIA exemptions. Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material.

84. To the extent this paragraph purports to characterize Defendants' Amended Objections and Responses to Plaintiff's First Set of Interrogatories, attached as Exhibit 22 to the Townsend Decl., Defendants refer the court to that document for its full and accurate content. Additionally, Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material.

85. This paragraph sets forth Plaintiff's characterization about information withheld from release by Defendants pursuant to applicable FOIA exemptions. Plaintiff's characterization

is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material.

86. To the extent this paragraph purports to characterize Defendants' Amended Objections and Responses to Plaintiff's First Set of Interrogatories, attached as Exhibit 22 to the Townsend Decl., Defendants refer the court to that document for its full and accurate content. Additionally, Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material.

87. This paragraph sets forth Plaintiff's characterization of information withheld from release by Defendants pursuant to applicable FOIA exemptions. Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material.

88. To the extent this paragraph purports to characterize Defendants' Amended Objections and Responses to Plaintiff's First Set of Interrogatories, attached as Exhibit 22 to the Townsend Decl., Defendants refer the court to that document for its full and accurate content. Additionally, Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material.

89. Defendants refer the court to the Amended *Vaughn* index, filed on December 20, 2018, which reflects Defendants' release determination regarding the identified records (ECF No. 69-1).

90. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.

90. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.

90. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.

93. To the extent this paragraph purports to characterize the Williams Decl. and the attached *Vaughn* index, Defendants refer the court to those documents for their full and accurate content.

94. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.

95. These are not material facts.

96. These are not material facts.

97. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content. Additionally, Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material. The three production are not of identical products. *See* Supplemental Declaration of Alesia Y. Williams ¶ 25.

98. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.

99. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content. Additionally, Plaintiff's characterization is not supported by admissible evidence. Plaintiff has not established this allegation in the record and misconstrues the cited material. The three production are not of identical products. *See* Supplemental Declaration of Alesia Y. Williams ¶ 25.

100. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.

101. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.

102. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.

103. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.

104. These are not material facts. Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.

105.	These are not material facts.  Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.

106.	These are not material facts.  Notwithstanding, to the extent this paragraph purports to characterize documents released by Defendants, Defendants refer the court to those documents for their full and accurate content.  Additionally, Plaintiff's characterization is not supported by admissible evidence.  Plaintiff has not established this allegation in the record and misconstrues the cited material.  DIA did process in the case the record identified as Exhibit 1 to the Light Declaration.  *See* Supplemental Declaration of Alesia Y. Williams ¶ 17.

Dated: May 24, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

 /s/ Nicholas Cartier
NICHOLAS CARTIER
(D.C. Bar # 495850)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 616-8351
E-mail: nicholas.cartier@usdoj.gov
*Attorneys for the Defendants*