# Exhibit B

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-001<br><br>3 pages<br><br>16 Jun 16 Release | **FW: FOIA SEARCH – RAFFI KHATCHADOURIAN – FOIA 0147-2012 (12-01846) AND FOIA SEARCH – JOYCE BATTLE – FOIA 0078-2012 (12-01679 (DX))** | April 11, 2012 | DIA | Secret | **Document Description –** Email<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |
| V-002<br><br>4 pages<br><br>16 Jun 16 Release | **FOIA- THE NEW YORKER MAGAZINE** | February 16, 2012 | DIA | Unclassified | **Document Description –** Email<br>**Document Released in Full** |
| V-003<br><br>3 pages<br><br>16 Jun 16 Release | **FW: FOIA SEARCH – RAFFI KHATCHADOURIAN – FOIA 0147-2012 (12-01846)** | May 28, 2013 | DIA | Unclassified | **Document Description –** Email<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |
| V-004<br><br>1 page<br><br>16 Jun 16 Release | **New Yorker magazine request FOIA-0147-2012** | June 24, 2013 | DIA | Unclassified | **Document Description –** Email<br>**Document Released in Full** |
| V-005<br><br>2 pages<br><br>16 Jun 16 Release | **New Yorker magazine request FOIA-0147-2012** | June 24, 2013 | DIA | Unclassified | **Document Description –** Email<br>**Document Released in Full** |
| V-006<br><br>3 pages<br><br>16 Jun 16 Release | **Re: New Yorker magazine request FOIA-0147-2012** | August 20, 2013 | DIA | Unclassified | **Document Description –** Email<br>**Document Released in Full** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-007<br><br>2 pages<br><br>16 Jun 16 Release | **Requester inquiry for 0147-2012 (Wikileaks)** | May 23, 2013 | DIA | Unclassified | **Document Description –** Email<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |
| V-008<br><br>5 pages<br><br>16 Jun 16 Release | **FOIA APPEAL REVIEW – RAFFI KHATCHADOURIAN – APP-0008-2014 (14-00425)** | January 30, 2013 | DIA | Secret | **Document Description –** Email<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community.  Accordingly, the information is to be accorded protection from mandatory released under Executive Order 13526, section **1.4(c).**  The Unclassified//FOUO marking in the document is a clerical error as the withheld information is a document title that is properly classified information.<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |
| V-009<br><br>1 page<br><br>16 Jun 16 Release | **Untitled** | October 5, 2012 | DIA | Unclassified | **Document Description –** Note to file<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names. |
| V-010<br><br>1 page<br><br>16 Jun 16 Release | **Acknowledgement Letter** | Undated | DIA | Unclassified | **Document Description –** Letter<br>**Document Released in Full** |
| V-011<br><br>6 pages<br><br>16 Jun 16 Release | **Administrative Appeal** | November 15, 2013 | DIA | Unclassified | **Document Description –** Letter<br>**Document Released in Full** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-012<br><br>4 pages<br><br>16 Jun 16 Release | **DIA Task Summary** | January 31, 2014 | DIA | Unclassified | **Document Description –** Tasking document<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |
| V-013<br><br>1 page<br><br>16 Jun 16 Release | **Partial Release:<br>FOIA APPEAL REVIEW-KHATCHADOURIAN RAFFI-APP-0008-2014 (14-08472)** | July 14, 2015 | DIA | Unclassified | **Document Description –** Email<br>**Document Partially Released – Exemption (b)(3), (b)(5)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. The same statute is also asserted where DIA withheld information concerning DIA's coordination with other government agencies. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the processing of potentially responsive documents. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-014<br><br>35 pages<br><br>16 Jun 16 Release | **Document Inventory** | Undated | DIA | Secret | **Document Description –** Inventory<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains document titles which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community.  Further, the document contains information in document titles concerning foreign relations and/or foreign activities of the United States Government, the disclosure of which could reasonably be expected to cause exceptionally grave damage to the national security. Specifically, the document titles would reveal information about topics and foreign countries of intelligence importance to the DIA and the U.S. Government.  Accordingly, the information is to be accorded protection from mandatory released under Executive Order 13526, section **1.4(c) and 1.4(d).**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold document titles that would reflect DIA's organizational structure as well as employee names. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. |
| V-015<br><br>3 pages<br><br>16 Jun 16 Release | **DIA Task Summary** | January 17, 2014 | DIA | Unclassified | **Document Description –** Tasking document<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |
| V-016<br><br>3 pages<br><br>16 Jun 16 Release | **FW FOIA APPEAL SEARCH-RAFFI KHATCHADOURIAN-APP0008-2014 (13-09746)** | August 4, 2014 | DIA | Secret | **Document Description –** Email<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-017<br><br>20 pages<br><br>16 Jun 16 Release | **FW: FOIA SEARCH – RAFFI KHATCHADOURIAN – FOIA 0147-2012 (12-01846) AND FOIA SEARCH – JOYCE BATTLE – FOIA 0078-2012 (12-01679 (DX))** | December 11, 2013 | DIA | Secret | **Document Description –** Email<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |
| V-018<br><br>15 pages<br><br>16 Jun 16 Release | **FW: FOIA SEARCH – RAFFI KHATCHADOURIAN – FOIA 0147-2012 (12-01846) AND FOIA SEARCH – JOYCE BATTLE – FOIA 0078-2012 (12-01679 (DX))** | June 25, 2013 | DIA | Secret | **Document Description –** Email<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |
| V-019<br><br>1 page<br><br>16 Jun 16 Release | **FW: THE NEW YORKER APP-0008-2014** | August 12, 2014 | DIA | Unclassified | **Document Description –** Email<br>**Document Released in Full** |
| V-020<br><br>1 page<br><br>16 Jun 16 Release | **Untitled Note** | January 14, 2014 | DIA | Unclassified | **Document Description –** Note<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |
| V-021<br><br>1 page<br><br>16 Jun 16 Release | **RE: FOIA APPEAL SEARCH-RAFFI KHATCHADOURIAN-APP0008-2014 (13-09746)** | November 3, 2014 | DIA | Secret | **Document Description –** Email<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-022<br><br>29 pages<br><br>16 Jun 16 Release | **DIA Task Summary** | November 13, 2014 | DIA | Secret NOTE: Portions of this document are classified but the document was mismarked. | **Document Description –** Tasking document & inventory<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains document titles which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. The Unclassified marking in the document is a clerical error as withheld information is document titles are properly classified information. Further, the document contains information in document titles concerning foreign relations and/or foreign activities of the United States Government, the disclosure of which could reasonably be expected to cause exceptionally grave damage to the national security. Specifically, the document titles would reveal information about topics and foreign countries of intelligence importance to the DIA and the U.S. Government.  Accordingly, the document is to be accorded protection from mandatory released under Executive Order 13526, section **1.4(c) and 1.4(d).**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold document titles that would reveal DIA's organizational structure, including information regarding task focus areas for personnel. The same statute was used to withhold employee names. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. |
| V-023<br><br>3 pages<br><br>16 Jun 16 Release | **DIA Task Summary** | January 31, 2014 | DIA | Secret | **Document Description –** Tasking document<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. |
| V-024<br><br>1 page<br><br>16 Jun 16 Release | **File Note** | Undated | DIA | Unclassified | **Document Description –** File Note<br>**Document Released in Full** |

**_Raffi Khatchadourian v. DIA, et al._, No. 16-CV-00311 _(D.D.C)_**
_Defense Intelligence Agency Draft Vaughn Index – Part 1_

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-025<br><br>1 page<br><br>16 Jun 16 Release | **Tasker Request Sheet** | December 17, 2013 | DIA | Unclassified | **Document Description –** Tasking document<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names. |
| V-026<br><br>1 page<br><br>16 Jun 16 Release | **14-08472 (APP 0008-2014 (IRTF-1)** | July 14, 2015 | DIA | Unclassified | **Document Description –** Email<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names. |
| V-027<br><br>1 page<br><br>16 Jun 16 Release | **File Note** | Undated | DIA | Unclassified | **Document Description –** File note<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. |
| V-028<br><br>1 page<br><br>16 Jun 16 Release | **Acknowledgement Letter** | February 21, 2012 | DIA | Unclassified | **Document Description –** Letter<br>**Document Released in Full** |
| V-029<br><br>3 pages<br><br>16 Jun 16 Release | **Expedited FOIA Request** | February 16, 2012 | DIA | Unclassified | **Document Description –** Letter<br>**Document Released in Full** |
| V-030<br><br>1 page<br><br>16 Jun 16 Release | **Inventory** | Undated | DIA | Unclassified | **Document Description –** Inventory<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names. |
| V-031<br><br>2 pages<br><br>16 Jun 16 Release | **Response Letter** | September 12, 2013 | DIA | Unclassified | **Document Description –** Letter<br>**Document Released in Full** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-032<br><br>2 pages<br><br>16 Jun 16 Release | **Status Request Letter** | June 24, 2013 | DIA | Unclassified | **Document Description –** Letter<br>**Document Released in Full** |
| V-033<br><br>1 page<br><br>16 Jun 16 Release | **FOIA Appeal 13-10067** | December 20, 2013 | DIA | Unclassified | **Document Description –** File note<br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. |
| V-034<br><br>1 page<br><br>18 Jul 16 Release | **Back-up Slides** | Undated | DIA | Secret | **Document Description –** Slides containing summary charts of key classified metrics<br>**Document Partially Released – Exemption (b)(1)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; and summaries/key metrics on classified data that was compromised because of the unauthorized release. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-035<br><br>3 pages<br><br>18 Jul 16 Release | **Information Review Task Force Analytical Update** | August 14, 2010 – 1600 hours | DIA | Secret | **Document Description –** Slides on Critical Information Requirements<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  DIA also withheld information that, if released, would reveal DIA functions**: In particular, DIA withheld two slides in full because those slides identified specific DIA protocols, manning, and technical capabilities for a comprehensive review of leaked classified information. Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-036<br><br>4 pages<br><br>18 Jul 16 Release | **Information Review Task Force Analytical Update** | August 6, 2010 – 1700 hours | DIA | Secret | **Document Description –** Slides on Critical Information Requirements<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. **No further portions of the records withheld under this exemption are reasonably segregable**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-037<br><br>1 page<br><br>18 Jul 16 Release | **11-0285A** | March 30, 2011 | DIA | Secret | **Document Description –** Memorandum Regarding Key Areas of Concern for Pakistan Net Centric Diplomacy Database<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No further portions of the records withheld under this exemption are reasonably segregable**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-038<br><br>4 pages<br><br>18 Jul 16 Release | **Information Review Task Force Analytical Update** | August 5, 2010 – 1700 hours | DIA | Secret | **Document Description –** Slides on Critical Information Requirements<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. **No further portions of the records withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-039<br><br>3 pages<br><br>18 Jul 16 Release | **Information Review Task Force Analytical Update** | August 23, 2010 – 1600 hours | DIA | Secret | **Document Description –** Slides on IRTF Review Information<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. **No further portions of the records withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-040<br><br>2 pages<br><br>18 Jul 16 Release | **Information Review Task Force Analytical Update** | August 4, 2010 – 1700 hours | DIA | Secret | **Document Description –** Slides on IRTF Critical Information Requirements<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. DIA also withheld information that, if released, would reveal DIA functions: **in particular, DIA withheld a slide that identifies the name of a sensitive review office, and identifies the number of available personnel from that office. No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with properly withheld portions of the records.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-041<br><br>3 pages<br><br>18 Jul 16 Release | **Information Review Task Force Analytical Update** | August 22, 2010 – 1400 hours | DIA | Secret | **Document Description –** Slides on IRTF Review Information<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  **No portions of the record withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-042<br><br>3 pages<br><br>18 Jul 16 Release | **Information Review Task Force Analytical Update** | August 11, 2010 – 1600 hours | DIA | Secret | **Document Description –** Slides on IRTF Critical Review Information<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records, or if released in combination with other portions of the record would be classified.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-043<br><br>3 pages<br><br>18 Jul 16 Release | **Information Review Task Force Analytical Update** | August 10, 2010 – 1600 hours | DIA | Secret | **Document Description –** Slides on IRTF Critical Information and Findings<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  **No portions of the record withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-044<br><br>3 pages<br><br>18 Jul 16 Release | **Information Review Task Force Analytical Update** | August 16, 2010 – 1100 hours | DIA | Secret | **Document Description –** Slides on IRTF Critical Information<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records, or if released in combination with other portions of the record would be classified.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  Email addresses and computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-045

3 pages

18 Jul 16 Release | **10-0299** | December 3, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record..**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this record is a document updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record..**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-046<br><br>5 pages<br><br>18 Jul 16 Release | **SENSITIVE NON-RELEASABLE TITLE** | October 13, 2010 | DIA | Secret | **Document Description –** Impact Assessment Briefing Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(7)(E)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the records.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this record is a slide deck presented by a subordinate to superior, containing that officer's assessment of findings on a particular issue relevant to IRTF review, and proposing short and long term steps for further action. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record..**<br><br>**Exemption (b)(7)(E):** The document contains certain information that has been withheld under this exemption because its release would disclose techniques and procedures for law enforcement investigations. |

| V-047

2 pages

18 Jul 16 Release | 10-0015 | August 26, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director
**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, these records were presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

***Raffi Khatchadourian v. DIA, et al.*,** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al. (D.D.C)*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-048 3 pages 18 Jul 16 Release | 10-0247 | October 20, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this record is a document presented by a subordinate officer to superiors reflecting that officer's interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy interests. **No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-049

1 page

18 Jul 16 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –**  Slide on Impact Assessment to DoD
**Document Denied in Full – Exemption (b)(1), (b)(3)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold the countries with which DIA shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  No portions of the record withheld under this exemption are reasonably segregable. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-050 173 pages 18 Jul 16 Release | **SENSITIVE NON-RELEASABLE TITLE** | May 21, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Index of Documents, and Documents **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)** |
|---|---|---|---|---|---|

**This document contains equities of another agency that were sent for interagency segregability review. As of November 9, 2021, that agency had not yet submitted its response to DIA, but the agency has indicated it will provide a response no later than November 24, 2021.**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been identified for release to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-051 9 pages 18 Jul 16 Release | 10-0240 | October 20, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF to Director **Document Denied in Part – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is an interim assessment presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No further portions of the records withheld under this exemption are reasonably segregable.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-052<br><br>3 pages<br><br>18 Jul 16 Release | **10-0186** | September 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  No portions of the record withheld under this exemption are reasonably segregable<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is an interim assessment presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy interests.  No portions of the record withheld under this exemption are reasonably segregable.<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-053 2 pages 18 Jul 16 Release | 10-0006 | August 24, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-054 <br><br> 3 pages <br><br> 18 Jul 16 Release | 10-0286 | November 24, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-055 | 10-0159 | September 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  **No unclassified parts of the record withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, In particular, this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| 2 pages |
| 18 Jul 16 Release |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-056<br><br>3 pages<br><br>18 Jul 16 Release | **11-0420** | April 19, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  **No unclassified parts of the record withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a record updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-057 | 11-0392 | February 11, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 18 Jul 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  .  In particular, In particular, this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record..** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-058 3 pages 18 Jul 16 Release | 11-0420 | April 19, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** <br><br> **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** <br><br> **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  **Statute 50 U.S.C. 3024(i) also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly |

**_Raffi Khatchadourian v. DIA, et al._, No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-059 2 pages 18 Jul 16 Release | 10-0180 | August 22, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, In particular, this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.

*__Raffi Khatchadourian v. DIA, et al.__, No. 16-CV-00311 (D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-060 3 pages 18 Jul 16 Release | 10-0176 | September 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, In particular, this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.

| V-061 3 pages 18 Jul 16 Release | **0352A-10** | December 28, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. . In particular, In particular, this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-062 3 pages 18 Jul 16 Release | 10-0219 | September 19, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, In particular, this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.

| V-063 | 10-0228 | September 24, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| 3 pages | | | | | |
| 18 Jul 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of |

*__Raffi Khatchadourian v. DIA, et al.,__* **No. 16-CV-00311** *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-064 3 pages 18 Jul 16 Release | 10-0242 | October 20, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Statute 50 U.S.C. 3024(i) also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.**No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-065 | 10-0250 | November 4, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 18 Jul 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Several subject headers, originally marked U//FOUO, upon further review, were mismarked, and are, in fact, properly classified. No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions.  **In particular, one subject line, if released, would reveal the name of a database of classified information on a particular set of topics relevant to U.S. vulnerabilities.  This subject line is further protected by Statute 50 U.S.C. 3024(i)** to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record..** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-066 | 10-0261 | November 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 18 Jul 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Statute 50 U.S.C. 3024(i) also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record..** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-067 4 pages 18 Jul 16 Release | 10-0273 | November 22, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-068 | 10-0277 | November 22, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| 3 pages | | | | | |
| 18 Jul 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-069 | 10-0292 | November 28, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| 4 pages | | | | | |
| 18 Jul 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-070<br><br>2 pages<br><br>18 Jul 16 Release | **10-0294A** | December 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-071 5 pages 18 Jul 16 Release | 10-0298 | December 3, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)***
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-072<br><br>3 pages<br><br>18 Jul 16 Release | **10-0301** | December 3, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-073 4 pages 18 Jul 16 Release | 11-40003 | Undated | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document updates DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-074 3 pages 18 Jul 16 Release | 10-0253R | October 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document updates DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-075<br><br>4 pages<br><br>18 Jul 16 Release | 10-0209 | September 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-076

3 pages

18 Jul 16
Release | 10-0026 | August 26, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-077 | 10-0037 | August 25, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 18 Jul 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-078 | 10-0028 | August 26, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 18 Jul 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-079 2 pages 18 Jul 16 Release | 10-0027 | September 27, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-080

1 page

17 Aug 16 Release | 10-0016 | August 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-081<br><br>1 page<br><br>17 Aug 16 Release | 10-0216 | September 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document updates DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-082<br><br>2 pages<br><br>17 Aug 16 Release | 10-0217R | October 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure**Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document updates DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-083 | 10-0221 | September 27, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| | | | | | |
| 17 Aug 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this exemption updates DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-084 | 10-0225 | September 28, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|-------|---------|--------------------|-----|--------|------|
| 3 pages<br><br>17 Aug 16 Release | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document updates DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-085 4 pages 17 Aug 16 Release | 10-0229 | October 4, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-086<br><br>4 pages<br><br>17 Aug 16 Release | 10-0229R | October 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked |

***Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)***
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-087 2 pages 17 Aug 16 Release | 10-0230R | October 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(1): ):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-088<br><br>3 pages<br><br>17 Aug 16 Release | 10-0232 | October 8, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-089<br><br>2 pages<br><br>17 Aug 16<br>Release | 10-0232R | October 14, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-090 3 pages 17 Aug 16 Release | 10-0233 | October 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-091<br><br>3 pages<br><br>17 Aug 16 Release | 10-0234 | October 8, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-092

3 pages

17 Aug 16 Release | **10-0234R** | October 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-093 1 page 17 Aug 16 Release | 10-0236R | October 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** <br><br> **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** <br><br> **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-094<br><br>1 page<br><br>17 Aug 16 Release | 10-0236 | October 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-095<br><br>4 page<br><br>17 Aug 16 Release | 10-0238 | October 15, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-096<br><br>1 page<br><br>17 Aug 16 Release | 10-0239 | October 7, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-097<br><br>2 pages<br><br>17 Aug 16 Release | 10-0245 | October 20, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-098<br><br>2 pages<br><br>17 Aug 16 Release | 10-0248R | October 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-099 2 pages 17 Aug 16 Release | 10-0251R | October 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-100<br><br>1 page<br><br>17 Aug 16 Release | **IRTF Afternoon Brief 2 August 2010** | August 2, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document also contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. Further, the document contains information concerning foreign relations and/or foreign activities of the United States Government, the disclosure of which could reasonably be expected to cause exceptionally grave damage to the national security. Accordingly, the information is to be accorded protection from mandatory released under Executive Order 13526, section **1.4(c) and 1.4(d). Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No other portions withheld under this exemption are reasonably segregable.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-101<br><br>3 pages<br><br>17 Aug 16 Release | **IRTF Analytic Update 7 August 2010** | August 7, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.**Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-102<br><br>3 pages<br><br>17 Aug 16 Release | **IRTF Analytic Update 12 August 2010** | August 12, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-103<br><br>4 pages<br><br>17 Aug 16 Release | **IRTF Analytic Update 13 August 2010** | August 13, 2010 | DIA | Secret | **Document Description –**  Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-104<br><br>4 pages<br><br>17 Aug 16 Release | **IRTF Analytic Update 17 August 2010** | August 17, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-105<br><br>3 pages<br><br>17 Aug 16 Release | **IRTF Analytic Update 18 August 2010** | August 18, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. . |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-106<br><br>6 pages<br><br>17 Aug 16 Release | **IRTF Analytic Update 19 August 2010** | August 19, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-107<br><br>3 pages<br><br>17 Aug 16 Release | **IRTF Analytic Update 21 August 2010** | August 21, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-108 | 10-0221R | October 14, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|-------|----------|------------------|-----|--------|---------------------------------------------------------------------------|
| 5 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 17 Aug 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; and section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-109 2 pages 17 Aug 16 Release | 10-0216R | October 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; and section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of

***Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)***
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-110 2 pages 17 Aug 16 Release | 10-0217 | October 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **and 1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources**. Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-111 2 pages 17 Aug 16 Release | 10-0227R | October 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** <br><br> **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** <br><br> **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| V-112 | 10-0179 | September 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 17 Aug 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; and section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. . |

| V-113 2 pages 17 Aug 16 Release | 10-0153 | August 10, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-114

3 pages

17 Aug 16 Release | 10-0160 | August 20, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **and** section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-115<br><br>2 pages<br><br>17 Aug 16 Release | **10-0019** | August 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526 section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **and** section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-116 3 pages 17 Aug 16 Release | 10-0014 | August 26, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources;. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-117<br><br>2 pages<br><br>17 Aug 16 Release | 10-0018 | August 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

Case 1:16-cv-00311-RCL    Document 123-2    Filed 11/12/21    Page 136 of 299

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-118 2 pages 17 Aug 16 Release | 10-0154 | August 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **and** section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-119 | 10-0022 | August 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 17 Aug 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-120 | 10-0036 | August 27, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|-------|---------|-----------------|-----|--------|------------------------------------------------------------------|
| 3 pages |  |  |  |  | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 17 Aug 16 Release |  |  |  |  | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-121<br><br>3 pages<br><br>17 Aug 16 Release | 10-0022 | August 27, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human source. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-122 2 pages 17 Aug 16 Release | 10-0021 | August 27, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human source. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-123 | 10-0010 | August 3, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|-------|---------|----------------|-----|--------|---------------------------------------------------------------------------|
| 2 pages<br><br>17 Aug 16 Release | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; and section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-124 <br><br> 1 page <br><br> 17 Aug 16 Release | 10-0149 | August 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director <br> **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** <br><br> **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human source. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** <br><br> **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-125<br><br>2 pages<br><br>17 Aug 16 Release | 10-0125 | August 27, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human source. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-126

3 pages

17 Aug 16 Release | **Information Review Task Force (IRTF) August 17, 2010 Update** | August 18, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from  DIA Director to Secretary of Defense
**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-127<br><br>2 pages<br><br>17 Aug 16 Release | **Information Review Task Force (IRTF) August 23, 2010 Update** | August 26, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from  DIA Director to Secretary of Defense<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-128<br><br>3 pages<br><br>17 Aug 16 Release | **Information Review Task Force (IRTF) December 14, 2010 Update** | December 15, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from DIA Director to Secretary of Defense<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-129<br><br>2 pages<br><br>17 Aug 16 Release | **Information Review Task Force (IRTF) December 20, 2010 Update** | December 22, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from  DIA Director to Secretary of Defense<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.**Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-130<br><br>2 pages<br><br>17 Aug 16 Release | **Information Review Task Force (IRTF) December 27, 2010 Update** | December 29, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from DIA Director to Secretary of Defense<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-131<br><br>3 pages<br><br>17 Aug 16 Release | **Information Review Task Force (IRTF) December 7, 2010 Update** | December 8, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from  DIA Director to Secretary of Defense<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-132<br><br>3 pages<br><br>17 Aug 16 Release | **Information Review Task Force (IRTF) November 22, 2010 Update** | November 24, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from  DIA Director to Secretary of Defense<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-133<br><br>1 page<br><br>17 Aug 16 Release | **Information Review Task Force (IRTF) Costs** | Undated | DIA | Secret | **Document Description –** Slide on personnel costs associated with the IRTF<br>**Document Denied in Full – Exemption (b)(3), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-134<br><br>3 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | October 1, 2010 – 1600 | DIA | Secret | **Document Description –** Slide on Impact Assessment to DoD from IRTF<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-135<br><br>3 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | September 2, 2010 – 0800 | DIA | Secret | **Document Description –** Slide on Impact Assessment to DoD from IRTF<br>**Document Partially Released – Exemption (b)(3), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-136<br><br>2 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | August 3, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD from IRTF<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3): Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-137<br><br>5 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | November 4, 2010 – 0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-138<br><br>5 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | December 6, 2010 - 0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-139<br><br>3 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | October 6, 2010 – 1600 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-140<br><br>3 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | November 8, 2010 – 1600 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-141<br><br>6 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | September 10, 2010 – 0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.<br>privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-142<br><br>4 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | September 13, 2010 – 0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.<br>. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-143<br><br>3 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | November 15, 2010 – 1600 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-144<br><br>4 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | September 17, 2010 – 0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-145<br><br>5 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | September 17, 2010 – 1600 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-146<br><br>4 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | November 18, 2010 – 0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-147<br><br>4 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | September 20, 2010 – 1600 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-148<br><br>6 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | September 21, 2010 – 0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-149<br><br>3 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | November 22, 2010 – 1600 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-150<br><br>4 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | September 22, 2010 – 0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-151<br><br>2 pages<br><br>31 Aug 16 Release | **IRTF Situation Update** | September 22, 2010 – 1600 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| V-152 | 10-0011 | August 2, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| 2 pages | | | | | |
| 31 Aug 16 Release | | | | | |

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **and** section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document was presented by subordinate officers to superiors and reflects those officers' interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_** No. 16-CV-00311 _(D.D.C)_
_Defense Intelligence Agency Draft Vaughn Index – Part 1_

| V-153<br><br>2 pages<br><br>31 Aug 16 Release | 10-00122 | August 27, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526 section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **and** section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-154 8 pages 31 Aug 16 Release | 10-0226 | September 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **and** section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document updates DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose |

| V-155

4 pages

31 Aug 16
Release | 10-0247 | October 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526 section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **and** section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-156 11 pages 31 Aug 16 Release | **SENSITIVE NON-RELEASABLE TITLE** | September 9, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD **Document Denied in Full – Exemption (b)(1), (b)(3)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-157<br><br>6 pages<br><br>16 Sep 16 Release | **IRTF Situation Update** | November 1, 2010 -0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-158<br><br>4 pages<br><br>16 Sep 16 Release | **IRTF Situation Update** | October 1, 2010 -0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-159<br><br>6 pages<br><br>16 Sep 16 Release | **IRTF Situation Update** | November 2, 2010 -0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-160<br><br>6 pages<br><br>16 Sep 16 Release | **IRTF Situation Update** | October 4, 2010 -0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-161<br><br>4 pages<br><br>16 Sep 16 Release | **IRTF Situation Update** | October 4, 2010 -1600 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>. |

**_Raffi Khatchadourian v. DIA, et al.,_** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-162<br><br>5 pages<br><br>16 Sep 16 Release | **IRTF Situation Update** | August 5, 2010 -0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.<br>. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-163<br><br>3 pages<br><br>16 Sep 16 Release | **IRTF Situation Update** | November 5, 2010 -1600 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-164<br><br>4 pages<br><br>16 Sep 16 Release | **IRTF Situation Update** | August 6, 2010 -0800 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-165<br><br>3 pages<br><br>4 Oct 16 Release | **10-1676** | Undated | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology**. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-166 3 pages 4 Oct 16 Release | 10-0260 | November 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **and** section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-167<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 5 AUG 10 -1700** | August 5, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-168<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 20 AUG 10 - 1600** | August 20, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-169<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 9 AUG 10 -1700** | August 9, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-170<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 8 AUG 10 -1700** | August 8, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-171<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 26 AUG 10 - 1600** | August 26, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-172<br><br>2 pages<br><br>4 Oct 16 Release | **IRTF 24 AUG 10 - 1600** | August 24, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-173<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 25 AUG 10 - 1600** | August 25, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-174<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF SLIDE DECK 15 AUG 10** | August 15, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-175<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 1 NOV 10 -1600** | November 1, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-176<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 3 NOV 10 -1600** | November 3, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-177<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 13 SEP 10 - 1600** | September 13, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-178<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 29 NOV 10 - 0800** | November 29, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-179<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 3 JAN 11 -0800** | January 3, 2011 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-180<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 10 FEB 11 - 1600** | February 10, 2011 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure**Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-181<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 24 FEB 11 – 1600** | February 24, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and/or computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-182<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 3 MAR 11 – 1600** | March 3, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain portions of this record, originally marked unclassified, upon further review, were determined to be mismarked, and are, in fact, properly classified.  No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and/or computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-183<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 13 JAN 11 – 1600** | January 13, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and/or computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-184<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 24 JAN 11 – 1600** | January 24, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and/or computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-185<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 24 MAR 11 – 1600** | March 24, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and/or computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-186<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 3 JAN 11 – 1600** | January 3, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain portions of this record, originally marked unclassified, upon further review, were determined to be mismarked, and are, in fact, properly classified. No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and/or computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-187<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 5 JAN 11 – 1600** | January 5, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and/or computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-188<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 7 FEB 11 – 1600** | February 7, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and/or computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-189<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 20 JAN 11 – 1600** | January 20, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and/or computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-190<br><br>8 pages<br><br>4 Oct 16 Release | **IRTF 1 DEC 10-0800** | December 1, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-191<br><br>8 pages<br><br>4 Oct 16 Release | **IRTF 2 DEC 10-0800** | December 2, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-192<br><br>7 pages<br><br>4 Oct 16 Release | **IRTF 3 DEC 10-0800** | December 3, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. Certain information previously withheld under this exemption, upon further review, has been determined to be reasonably segregable. **No further portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-193<br><br>8pages<br><br>4 Oct 16 Release | **IRTF 3 NOV 10-0800** | November 3, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-194<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 4 FEB 10-0800** | February 4, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-195<br><br>9 pages<br><br>4 Oct 16 Release | **IRTF 5 NOV 10-0800** | November 5, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-196<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 5 OCT 10-0800** | October 5, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-197<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 4 JAN 11-0800** | January 4, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-198<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 5 JAN 11 -0800** | January 5, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-199<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 6 JAN 11 -0800** | January 6, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-200<br><br>8 pages<br><br>4 Oct 16 Release | **IRTF 6 OCT 10-0800** | October 6, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-201<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 7 DEC 10-0800** | December 7, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_** No. 16-CV-00311 _(D.D.C)_
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-202<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 7 FEB 11 -0800** | February 7, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-203<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 7 JAN 11 -0800** | January 7, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-204<br><br>8 pages<br><br>4 Oct 16 Release | **IRTF 8 DEC 10-0800** | December 8, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br>.<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-205<br><br>9 pages<br><br>4 Oct 16 Release | **IRTF 27 OCT 10-0800** | October 27, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-206<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 29 SEP 10-1600** | September 29, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-207<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 6 DEC 10 – 1600** | December 6, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-208 | 10-421 | November 18, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record requests further information from inter-agency partners relevant to IRTF tasks. The document therefore contains pre-decisional and deliberative information regarding information that the IRTF would seek in its review, which are fundamentally deliberative in nature. This document contains also comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the |

***Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)***
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-209 | 10-0266 | September 2, 2010 | DIA | Secret | **Document Description –** Information Paper |
|---|---|---|---|---|---|
| 6 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a response to a request for a predecisional assessment regarding whether certain information could be safely shared with foreign partners.  As such, this memorandum is predecisional and deliberative, because it contains comments and recommendations. Its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-210 | 10-0318A | December 30, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process.  In particular this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-211 | **11-421** | April 20, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 1 page | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process.  In particular this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record. |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-212<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 24 SEP 10 – 1600** | September 24, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including information that would tend to reveal the amount of personnel and resources that were expended on the IRTF project over time. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-213<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 8 OCT 10 – 1600** | October 8, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-214<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 8 OCT 10 – 0800** | October 8, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-215<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 9 AUG 10 – 0800** | August 9, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure.. DIA also withheld information that, if released, would reveal DIA functions, including task focus areas for personnel. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-216<br><br>6pages<br><br>4 Oct 16 Release | **IRTF 9 DEC 10-0800** | December 9, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, in particular, information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-217 | IRTF 9 FEB 11 – 0800 | February 9, 2011 | DIA | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|
| 7 pages<br><br>4 Oct 16 Release | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-218<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 9 NOV 10 – 0800** | November 9, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including the identities of other agencies with which DIA was coordinating its review and task focus areas for personnel. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-219<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 10 AUG 10 – 0800** | August 10, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-220<br><br>7 pages<br><br>4 Oct 16 Release | **IRTF 10 NOV 10 – 0800** | November 10, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and task focus areas for personnel. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-221<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 10 SEP 10 – 1600** | September 10, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, in particular, information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and task focus areas for personnel. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-222<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 11 AUG 10 – 0800** | August 11, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, such as task focus areas for personnel and information that would tend to reveal the number of personnel and resources that were expended on the IRTF project and technological capabilities. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-223<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 11 FEB 11 – 0800** | February 11, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, such as information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-224<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 12 AUG 10 – 0800** | August 12, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including IRTF logicstics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-225<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 12 JAN 11 – 0800** | January 12, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including IRTF personnel and finance information. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-226<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 12 OCT 10 – 0800** | October 12, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including information regarding IRTF facilities, finance, and personnel. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-227<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 24 JAN 11 – 0800** | January 24, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including IRTF finances and assigned personnel numbers, as well as information that would tend to indicate the resources expended on IRTF over time, and upcoming IRTF task focus areas. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-228<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 24 MAR 11 – 0800** | March 24, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-229<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 24 NOV 10 – 0800** | November 24, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-230<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 25 AUG 2010 – 0800** | August 25, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including IT capabilities, facilities access information, contracting, and financial information, and upcoming task focus areas. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-231<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 25 JAN 11 – 0800** | January 25, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-232<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 25 OCT 2010 – 1600** | October 25, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_** No. 16-CV-00311 _(D.D.C)_
_Defense Intelligence Agency Draft Vaughn Index – Part 1_

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-233<br><br>8 pages<br><br>4 Oct 16 Release | **IRTF 25 OCT 2010 – 0800** | October 25, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries and other information sharing partners with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-234<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 26 AUG 2010 – 0800** | August 26, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including IRTF IT capabilities, facilities access, and finances, as well as upcoming IRTF task focus areas. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-235<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 26 JAN 2011 – 0800** | January 26, 2011 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6), (b)(7)(A)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including personnel numbers, IRTF finances, and other similar information, including information that would tend to reveal resources expended on the IRTF project. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.<br><br>**Exemption (b)(7)(A):** The document contains information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-236 | 11-0362 | February 24, 2011 | DIA | Secret | **Document Description –** Memorandum<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this is a record updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh |
|---|---|---|---|---|---|
| 2 pages<br><br>4 Oct 16 Release | | | | | |

***Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)***
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-237 | 11-0369 | January 18, 2011 | DIA | Secret | **Document Description –** Memorandum<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| 1 pages | | | | | |
| 4 Oct 16 Release | | | | | |

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document was presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-238<br><br>1 page<br><br>4 Oct 16 Release | **11-0384** | February 8, 2011 | DIA | Secret | **Document Description –** Memorandum<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process.  In particular, this record was presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh |

*__Raffi Khatchadourian v. DIA, et al.__, No. 16-CV-00311 (D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-239<br><br>2 pages<br><br>4 Oct 16 Release | **11-0387** | February 8, 2011 | DIA | Secret | **Document Description –** Memorandum<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process. In particular, this document was presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh |

***Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)***
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-240 2 pages 4 Oct 16 Release | 11-0391 | February 9, 2011 | DIA | Secret | **Document Description –** Memorandum **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document was presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-241<br><br>2 pages<br><br>4 Oct 16 Release | 11-0415 | March 1, 2011 | DIA | Secret | **Document Description –** Memorandum<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record was presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-242 | 11-0487 | March 10, 2011 | DIA | Secret | **Document Description –** Memorandum<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular this is a record updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
|---|---|---|---|---|---|
| 2 pages<br><br>4 Oct 16 Release | | | | | |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-243<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 1 SEP 10 – 1600** | September 1, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email addresses and/or computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security.  The same statute is also asserted where DIA withheld information concerning DIA's coordination with other government agencies. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-244<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 27 SEP 2010 – 1600** | September 27, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, such as information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-245<br><br>3 pages<br><br>4 Oct 16 Release | 10-0237 | October 13, 2010 | DIA | Secret | **Document Description –** Memorandum<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-246<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 7 OCT 2010 – 0800** | October 7, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. Further, the document contains information concerning foreign relations and/or foreign activities of the United States Government, the disclosure of which could reasonably be expected to cause exceptionally grave damage to the national security. Accordingly, the information is to be accorded protection from mandatory released under Executive Order 13526, section **1.4(c) and 1.4(d).** No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. No portions of the document withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-247<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 29 SEP 2010 – 0800** | September 29, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions, including numbers of personnel, financing logistics, and other similar information related to the IRTF project. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-248<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 27 DEC 2010 – 1600** | December 27, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-249<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 2 DEC 2010 – 1600** | December 2, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.<br>No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-250<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 30 AUG 2010 – 1600** | August 30, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-251<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 10 DEC 2010 – 1600** | December 10, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-252<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 16 NOV 2010 – 0800** | November 16, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; and IRTF logistics such as office space, A/V support, building access, contracting, and finances**. Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-253<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 16 SEP 10 – 0800** | September 16, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review; information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-254<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 17 AUG 10 – 0800** | August 17, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al._**, No. 16-CV-00311 _(D.D.C)_
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-255<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 17 FEB 11 – 0800** | February 17, 2011 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review; information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-256<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 17 NOV 10 – 0800** | November 17, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-257<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 17 NOV 10 – 1600** | November 17, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-258<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 18 AUG 10 – 0800** | August 18, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-259<br><br>8 pages<br><br>4 Oct 16 Release | **IRTF 18 OCT 10 – 0800** | October 18, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.***, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-260<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 18 OCT 10 – 1600** | October 18, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-261<br><br>7 pages<br><br>4 Oct 16 Release | **IRTF 19 AUG 10 – 0800** | August 19, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-262

6 pages

4 Oct 16 Release | IRTF 19 JAN 11 – 0800 | January 19, 2011 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |