Exhibit C

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-263<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 19 NOV 10 – 0800** | November 19, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_** No. 16-CV-00311 (D.D.C)
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-264<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 19 NOV 10 – 1600** | November 19, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-265<br><br>7 pages<br><br>4 Oct 16 Release | **IRTF 19 OCT 10 – 0800** | October 19, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-266 4 pages 4 Oct 16 Release | IRTF 20 AUG 10 – 0800 | August 20, 2010 | DIA | Secret | **Document Description –** Slides <br><br> **Document Partially Released – Exemption (b)(1), (b)(3), (b)(6), (b)(7)(A)** <br><br> **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section 1.4(c) – intelligence activities, intelligence sources and methods, cryptology; and section 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** <br><br> **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)***
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(7)(A):** The document contains information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-267<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 20 DEC 10 – 0800** | December 20, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-268 6 pages 4 Oct 16 Release | IRTF 20 JAN 2011 – 0800 | January 20, 2011 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-269<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 20 OCT 2010 – 1600** | October 20, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-270<br><br>11 pages<br><br>4 Oct 16 Release | **IRTF 20 OCT 2010 – 0800** | October 20, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-271<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 20 SEP 2010 – 0800** | September 20, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| V-272<br><br>3 pages<br><br>4 Oct 16 Release | IRTF 21 APR 2011 – 0800 | April 21, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| --- | --- | --- | --- | --- | --- |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-273<br><br>7 pages<br><br>4 Oct 16 Release | **IRTF 21 DEC 2010 – 0800** | December 21, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**;** information that would tend to reveal its agency partners; upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-274<br><br>8 pages<br><br>4 Oct 16 Release | **IRTF 21 OCT 2010 – 0800** | October 21, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**, and** information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-275<br><br>7 pages<br><br>4 Oct 16 Release | **IRTF 22 DEC 2010 – 0800** | December 22, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review**, and** information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-276<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 22 FEB 2011 – 0800** | February 22, 2011 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-277<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 22 MAR 2011 – 0800** | March 22, 2011 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-278<br><br>9 pages<br><br>4 Oct 16 Release | **IRTF 22 NOV 2010– 0800** | November 22, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-279<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 22 OCT 2010 – 1600** | October 22, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-280<br><br>7 pages<br><br>4 Oct 16 Release | **IRTF 22 OCT 2010 – 0800** | October 22, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-281<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 23 AUG 2010– 0800** | August 23, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-282<br><br>7 pages<br><br>4 Oct 16 Release | **IRTF 23 DEC 2010–0800** | December 23, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.<br>privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-283<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 23 NOV 10 - 1600** | November 23, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structureThe same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-284<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 23 NOV 2010– 0800** | November 23, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-285<br><br>7 pages<br><br>4 Oct 16 Release | **IRTF 23 SEP 2010– 0800** | September 23, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-286<br><br>9 pages<br><br>4 Oct 16 Release | **IRTF 24 AUG 2010– 0800** | August 24, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-287<br><br>12 pages<br><br>4 Oct 16 Release | **IRTF 26 OCT 10 – 0800** | October 26, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6), b(7)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.<br><br>**Exemption (b)(7)(C):** The document also contains information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-288<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 27 AUG 2010– 0800** | August 27, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-289<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 27 OCT 2010– 1600** | October 27, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-290<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 28 APR 2010– 0800** | April 28, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-291<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 28 DEC 2010– 0800** | December 28, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-292<br><br>8 pages<br><br>4 Oct 16 Release | **IRTF 28 JAN 2011– 0800** | January 28, 2011 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-293<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 28 NOV 2010– 0800** | November 28, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-294<br><br>8 pages<br><br>4 Oct 16 Release | **IRTF 28 OCT 2010– 0800** | October 28, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-295<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 29 DEC 2010– 0800** | December 29, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-296<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 29 NOV 2010– 1600** | November 29, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-297<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 30 AUG 2010– 0800** | August 30, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V–298<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 30 DEC 2010–0800** | December 30, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-299<br><br>8 pages<br><br>4 Oct 16 Release | **IRTF 30 NOV 2010– 0800** | November 30, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-300<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 30 NOV 2010– 1600** | November 30, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-301<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 30 SEP 2010–0800** | September 30, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-302<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 31 AUG 2010–0800** | August 31, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-303<br><br>6 pages<br><br>4 Oct 16 Release | **IRTF 31 JAN 2011–0800** | January 31, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-304<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 17 FEB 2011–1600** | February 17, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al., No. 16-CV-00311 (D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-305<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 1 DEC 2010– 1600** | December 1, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-306<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 20 DEC 2010–1600** | December 20, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-307<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 8 DEC 2010–1600** | December 8, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
_Defense Intelligence Agency Draft Vaughn Index – Part 1_

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-308<br><br>4 pages<br><br>4 Oct 16 Release | **IRTF 29 DEC 2010– 1600** | December 29, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-309<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 22 DEC 2010–1600** | December 22, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-310<br><br>5 pages<br><br>4 Oct 16 Release | **IRTF 9 DEC 2010– 1600** | December 9, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency and foreign partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-311<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF 3 DEC 2010– 1600** | December 3, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-312 | **10-2208** | October 15, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency and foreign partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process.  In particular, this record reflects and update to DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-313 | 10-0290A | February 8, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency and foreign partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document was presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-314 | 11-0357 | January 3, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 1 page | | | | | **Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency and foreign partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document was presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-315<br><br>30 page<br><br>4 Oct 16 Release | **SENSITIVE NON-RELEASABLE TITLE** | December 21, 2010 | DIA | Secret | **Document Description –** IRTF Report<br><br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency and foreign partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-316<br><br>3 pages<br><br>4 Oct 16 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency and foreign partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| V-317 3 pages 4 Oct 16 Release | 11-0282 | January 26, 2011 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency and foreign partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process. In particular, this document was presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh |
| --- | --- | --- | --- | --- | --- |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-318

504 pages

4 Oct 16 Release | **UNTITLED** | Undated | DIA | Secret | **Document Description –** Document Log
**Document Denied in Full– Exemption (b)(1), (b)(3)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-319<br><br>3 pages<br><br>4 Oct 16 Release | **IRTF Intelligence Update 14 April 11-1600** | April, 14, 2011 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-320<br><br>7 pages<br><br>4 Oct 16 Release | **IRTF Situation Update  5 May 11-1600** | May 5, 2011 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-321<br><br>7 pages<br><br>4 Oct 16 Release | **IRTF Situation Update  21 April 11-1600** | April 21, 2011 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-322<br><br>3 pages<br><br>4 Oct 16 Release | **Untitled** | September 10, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Denied in Full – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold information that, if released, would reveal DIA functions. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-323<br><br>3 pages<br><br>4 Oct 16 Release | 10-0155 | August 30, 2010 | DIA | Secret | **Document Description –** Memorandum<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those subordinate officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-324 | 10-0156 | August 30, 2010 | DIA | Secret | **Document Description –** Memorandum<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those subordinate officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| 2 pages | | | | | |
| 4 Oct 16 Release | | | | | |

| V-325<br><br>2 pages<br><br>4 Oct 16 Release | 10-0009 | August 11, 2010 | DIA | Secret | **Document Description –** Memorandum<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those subordinate officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-326 3 pages 4 Oct 16 Release | 10-0255 | October 29, 2010 | DIA | Secret | **Document Description –** Memorandum **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those subordinate officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-327 | 10-0120 | August 27, 2010 | DIA | Secret | **Document Description –** Memorandum **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| 3 pages | | | | | |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those subordinate officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-328 | 10-0267 | Novebmer18, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**
.
**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.

| V-329<br><br>3 pages<br><br>4 Oct 16 Release | 10-0268 | November 19, 2010 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al., No. 16-CV-00311 (D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-330 | 10-0304 | December 7, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information derived from foreign governments. Release of such information would call into question the confidentiality of exchanges between the United States and foreign governments and thereby limit the U.S. Government's ability to obtain information from foreign governments that is essential to national security. The document also contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. Further, the document contains information concerning foreign relations and/or foreign activities of the United States Government, the disclosure of which could reasonably be expected to cause exceptionally grave damage to the national security. Accordingly, the information is to be accorded protection from mandatory released under Executive Order 13526, section **1.4(b), 1.4(c) and 1.4(d). Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. DIA also withheld information that, if released, would reveal DIA functions. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-331<br><br>4 pages<br><br>4 Oct 16 Release | 10-0305 | December 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** is also asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-332

4 pages

4 Oct 16 Release | 10-0307 | December 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director
**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** is also asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-333<br><br>3 pages<br><br>4 Oct 16 Release | 10-0308 | December 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-334 5 pages 4 Oct 16 Release | 10-0309 | December 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** is also asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-335 4 pages 4 Oct 16 Release | 10-0310 | December 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

Case 1:16-cv-00311-RCL    Document 123-3    Filed 11/12/21    Page 85 of 299

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-336

5 pages

4 Oct 16 Release | 10-0311 | December 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** is also asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-337 4 pages 4 Oct 16 Release | 10-0314 | December 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-338 4 pages 4 Oct 16 Release | 10-0315 | December 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

*__Raffi Khatchadourian v. DIA, et al.__, No. 16-CV-00311 (D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-339<br><br>4 pages<br><br>4 Oct 16 Release | 10-0316 | December 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Statute **50 U.S.C. 3024(i)** is also asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-340<br><br>4 pages<br><br>4 Oct 16 Release | 10-0319 | December 15, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

Case 1:16-cv-00311-RCL    Document 123-3    Filed 11/12/21    Page 95 of 299

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-341<br><br>3 pages<br><br>4 Oct 16 Release | 10-0320 | December 16, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and section **1.4(h)** – development, production, or use of weapons of mass destruction. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-342<br><br>4 pages<br><br>4 Oct 16 Release | 10-0323A | December 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources;. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-343<br><br>6 pages<br><br>4 Oct 16 Release | 10-0324A | December 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources;. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-344 | 10-0325 | December 17, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources;. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
|---|---|---|---|---|---|
| 2 pages<br><br>4 Oct 16 Release | | | | | |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-345<br><br>4 pages<br><br>4 Oct 16 Release | 10-0326 | December 17, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources;. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-346<br><br>5 pages<br><br>4 Oct 16 Release | 10-0327A | December 23, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources;. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-347 8 pages 4 Oct 16 Release | 10-0330S | December 20, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources;. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-348 9 pages 4 Oct 16 Release | 10-0331 | January 3, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and section **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| V-349 | 10-0332A | December 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and section **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-350<br><br>8 pages<br><br>4 Oct 16 Release | 10-0335 | December 20, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-351 5 pages 4 Oct 16 Release | 10-0338 | December 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources;. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-352<br><br>4 pages<br><br>4 Oct 16 Release | 10-0339 | December 21, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| V-353<br><br>4 pages<br><br>4 Oct 16 Release | 10-0340 | December 23, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-354 2 pages 4 Oct 16 Release | 10-0341 | December 23, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-355 4 pages 4 Oct 16 Release | **10-0342A** | December 23, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-356 | 10-0341 | December 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-357<br><br>4 pages<br><br>4 Oct 16<br>Release | 10-0344 | December 23,<br>2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** is also asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-358 3 pages 4 Oct 16 Release | 10-0345A | December 23, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| V-359 | 10-0346 | December 23, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director |
|---|---|---|---|---|---|
| 5 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-360<br><br>5 pages<br><br>4 Oct 16 Release | 10-0347 | December 23, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-361 3 pages 4 Oct 16 Release | 10-0350A | December 28, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-362 4 pages 4 Oct 16 Release | 10-0351A | December 28, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| | | | | | |
|---|---|---|---|---|---|
| V-363<br><br>7 pages<br><br>4 Oct 16 Release | **10-0353A** | December 28, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

Case 1:16-cv-00311-RCL    Document 123-3    Filed 11/12/21    Page 141 of 299

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-364<br><br>4 pages<br><br>4 Oct 16 Release | 10-0355 | December 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526 section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-365 4 pages 4 Oct 16 Release | 10-0356 | December 30, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-366 4 pages 4 Oct 16 Release | 10-0395 | December 17, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-367 2 pages 4 Oct 16 Release | 10-1936 | September 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from DIA Director to SECDEF **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted regarding information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document Records updating DoD leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking, and on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities, as well as reflecting interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-368 | 10-1984 | September 15, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Acting Deputy Director DIA to SECDEF |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document updating DoD leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking, and on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities, as well as reflecting interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record. **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-369 | 10-2024 | September22, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director DIA to SECDEF |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| | | | | | |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; and section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** is also asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document Records updating DoD leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking, and on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities, as well as reflecting interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-370 6 pages 4 Oct 16 Release | 10-2079 | September 29, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director DIA to SECDEF **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and section **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document updating DoD leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking, and on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities, as well as reflecting interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  This document also contains information requesting further information from inter-agency partners relevant to IRTF tasks. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-371 | 10-2150 | October 8, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director DIA to SECDEF |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| | | | | | |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document updating DoD leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking, and on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities, as well as reflecting interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  This document also contains information requesting |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | further information from inter-agency partners relevant to IRTF tasks. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

Case 1:16-cv-00311-RCL    Document 123-3    Filed 11/12/21    Page 157 of 299

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-372

4 pages

4 Oct 16 Release | **10-2290** | October 25, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director DIA to SECDEF **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and section **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document Records updating DoD leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking, and on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities, as well as reflecting interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  This document also contains information requesting further information from inter-agency partners relevant to IRTF tasks. **No portions of the record withheld under this exemption are reasonably** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.. |

| V-373

3 pages

4 Oct 16 Release | 10-2364 | November 3, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director DIA to SECDEF **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and section **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document Records updating DoD leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking, and on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities, as well as reflecting interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-374

3 pages

4 Oct 16 Release | **10-2545** | December 1, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director DIA to SECDEF **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and  section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document Records updating DoD leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking, and on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities, as well as reflecting interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-375<br><br>3 pages<br><br>4 Oct 16 Release | 11-0013 | January 6, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from Director DIA to SECDEF<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and section **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document Records updating DoD leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking, and on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities, as well as reflecting interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

Case 1:16-cv-00311-RCL    Document 123-3    Filed 11/12/21    Page 165 of 299

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-376 | 11-0065 | January 12, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from Director DIA to SECDEF |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and section **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document updating DoD leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking, and on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities, as well as reflecting interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  This document also contains information requesting further information from inter-agency partners relevant to IRTF tasks. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.<br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-377 | 11-0254A | March 21, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document updates DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> . <br> **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-378 | 11-0263A | March 11, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-379 | 11-0276A | February 15, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-380 | 11-027A | March 31, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 5 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-381 | 11-0280A | January 5, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-382 | 11-0302A | March 17, 2011 | DIA | Secret | **Document Description –** Memorandum |
|-------|----------|----------------|-----|--------|----------------------------------------|
| 7 pages | | | | | |
| 4 Oct 16 Release | | | | | |

**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this**

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-383 4 pages 4 Oct 16 Release | **11-0303A** | January 25, 2011 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-384 | 11-0313A | March 10, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 6 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-385<br><br>5 pages<br><br>4 Oct 16 Release | 11-0377 | January 19, 2011 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-386<br><br>5 pages<br><br>4 Oct 16 Release | 10-0334 | December 20, 2010 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
|---|---|---|---|---|---|

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-387

40 pages

4 Oct 16 Release | **SENSITIVE NON-RELEASABLE TITLE** | March 31, 2011 | DIA | Secret | **Document Description –**  IRTF Report

**Document Denied in Full – Exemption (b)(1), (b)(3)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

**_Raffi Khatchadourian v. DIA, et al.,_** No. 16-CV-00311 _(D.D.C)_
_Defense Intelligence Agency Draft Vaughn Index – Part 1_

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-388<br><br>2 pages<br><br>4 Oct 16 Release | **10-0259** | November 1, 2010 | DIA | Secret | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting draft talking points on foreign relations issues, which were non-final and subject to further revision.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| V-389 | 11-0336 | January 18, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

Case 1:16-cv-00311-RCL    Document 123-3    Filed 11/12/21    Page 190 of 299

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-390 | 11-0361 | January 4, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-391 | 11-0364 | January 7, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-392 | 11-0365 | January 14, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-393 | 11-0366 | January 14, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 6 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-394 | 11-0367 | January 14, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-395 | 11-0368 | January 14, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-396 3 pages 4 Oct 16 Release | **11-0370** | January 18, 2011 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| --- | --- | --- | --- | --- | --- |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-397  4 pages  4 Oct 16 Release | **11-0371** | January 18, 2011 | DIA | Secret | **Document Description –** Memorandum **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-398 | 11-0372 | January 13, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Withheld in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and section **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-399 | 11-0373 | January 13, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

Case 1:16-cv-00311-RCL    Document 123-3    Filed 11/12/21    Page 210 of 299

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| | | | | | | |
|---|---|---|---|---|---|---|
| V-400

5 pages

4 Oct 16 Release | **11-0374** | January 13, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterilligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-401<br><br>7 pages<br><br>4 Oct 16 Release | **11-0375** | January 18, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

Case 1:16-cv-00311-RCL    Document 123-3    Filed 11/12/21    Page 214 of 299

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-402 15 pages 4 Oct 16 Release | 11-0376 | January 19, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
|---|---|---|---|---|---|

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-403<br><br>4 pages<br><br>4 Oct 16 Release | 11-0378 | January 28, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-404 2 pages 4 Oct 16 Release | 11-0379 | January 24, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-405

3 pages

4 Oct 16
Release | 11-0380 | January 28, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-406 3 pages 4 Oct 16 Release | 11-0381 | January 28, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526,  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-407

3 pages

4 Oct 16 Release | **11-0382** | January 28, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center
**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-408<br><br>6 pages<br><br>4 Oct 16 Release | 11-0383 | February 8, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations;  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-409<br><br>2 pages<br><br>4 Oct 16 Release | **11-0385** | February 8, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-410<br><br>3 pages<br><br>4 Oct 16 Release | 11-0386A | March 2, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526,  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-411

4 pages

4 Oct 16 Release | **11-0388** | February 8, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-412<br><br>7 pages<br><br>4 Oct 16 Release | **11-0389** | February 8, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526,  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-413 6 pages 4 Oct 16 Release | 11-0390 | February 9, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526,  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

Case 1:16-cv-00311-RCL    Document 123-3    Filed 11/12/21    Page 238 of 299

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-414 | 11-0394 | February 15, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526,  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

Case 1:16-cv-00311-RCL    Document 123-3    Filed 11/12/21    Page 240 of 299

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-415

1 pages

4 Oct 16 Release | **11-0398** | February 16, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-416 | 11-0404 | February 17, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| 2 pages | | | | | |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526,  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-417 | **11-0405** | February 17, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526,  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-418

3 pages

4 Oct 16 Release | **11-0407** | February 18, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526,  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-419 11 pages 4 Oct 16 Release | **11-0411** | March 4, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-420  2 pages  4 Oct 16 Release | **11-0413** | March 15, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**  **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations;  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**  **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**  **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-421 2 pages 4 Oct 16 Release | 11-0847 | February 18, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from Director, DIA to SECDEF <br> **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** <br><br> **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** <br><br> **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Draft Vaughn Index – Part 1_**

| V-422<br><br>3 pages<br><br>4 Oct 16 Release | **11-329A** | January 28, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-423<br><br>2 pages<br><br>4 Oct 16 Release | **11-414** | March 17, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

Case 1:16-cv-00311-RCL    Document 123-3    Filed 11/12/21    Page 258 of 299

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-424  3 pages  4 Oct 16 Release | **11-415** | March 17, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center  **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**  **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526,  section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**  **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**  **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-425 | **11-416** | March 17, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director, Defense Counterintelligence and HUMINT Center |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure |

| V-426<br><br>4 pages<br><br>4 Oct 16 Release | **11-418** | March 30, 2011 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those subordinate officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-427 | 11-422 | April 20, 2011 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records**. |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those subordinate officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-428<br><br>3 pages<br><br>4 Oct 16 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. In particular, this document relates, in full, to IRTF finances, organizational structure, and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| V-429 | 10-0198 | August 30, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those subordinate officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-430 | **10-0199** | August 30, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those subordinate officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-431 | 10-0262 | November 9, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 9 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 4 Oct 16 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those subordinate officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-432<br><br>7 pages<br><br>4 Oct 16 Release | **UNTITLED** | Undated | DIA | Secret | **Document Description –** Collection-related Word Document<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>Exemption (b)(1): The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>Exemption (b)(3): was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected, as well as the subject-matter focus of such information collection. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>Exemption (b)(6): The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-433<br><br>2 pages<br><br>Supp.<br>Release | **New FOIA Request #20111442DIA08 [0078-2012 Request Description]** | December 5, 2011 | DIA | Unclassified | **Document Description –** Email<br><br>**Document Released in Full** |
| V-434<br><br>3 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  29 Nov 10 - 0800** | November 29, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-435<br><br>7 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  1 Sep 10 - 0800** | September 1, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, in particular, upcoming task focus areas for personnel and workflow charts. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-436<br><br>2 pages<br><br>25 Oct 16 Release | **IRTF Situation Slide Deck 15 AUG 2010** | August 15, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as documentation of organizational structure, and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-437<br><br>5 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  1 MAR 11 - 0800** | March 1, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRTF finances, organizational structure, and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-438<br><br>6 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  13 Aug 10 - 0800** | August 13, 2010 | DIA | Secret | **Document Description –**  Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRTF finances, organizational structure, and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-439<br><br>4 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  13 Oct 10 - 1600** | October 13, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, including the identities of other agencies with which DIA was coordinating its review. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-440<br><br>5 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  14 Oct 10 - 0800** | October 14, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRTF finances, organizational structure, and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-441<br><br>5 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  14 Sep 10 - 0800** | September 14, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding organizational structure and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-442<br><br>6 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  15 Nov 10 - 0800** | November 15, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRTF finances, organizational structure, and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-443<br><br>3 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  15 Oct 10 - 1600** | October 15, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding organizational structure and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-444<br><br>6 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  15 Oct 10 - 0800** | October 15, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRTF finances, organizational structure, and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-445<br><br>6 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  15 Sep 10 - 0800** | September 15, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRTF task focus areas, organizational structure, and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-446<br><br>3 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  15 Sep 10 - 1600** | September 15, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-447<br><br>5 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  16 Aug 10 - 0800** | August 16, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRTF organizational structure, and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**Raffi Khatchadourian v. DIA, et al., No. 16-CV-00311 (D.D.C)**
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-448<br><br>6 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  16 Dec 10 - 0800** | December 16, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRTF organizational structure, and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-449<br><br>6 pages<br><br>25 Oct 16 Release | **IRTF Situation Update 17 Dec 10 - 0800** | December 17, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRTF organizational structure and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-450<br><br>5 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  24 Feb 11 - 0800** | February 24, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRT finances, organizational structure, and internal workflow. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-451<br><br>6 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  24 Sep 10 - 0800** | September 24, 2010 | DIA | Secret | **Document Description –** Slides on IRTF Situation Update<br>**Document Partially Released –** Exemption (b)(1), (b)(3), (b)(6)<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRT finances, organizational structure, and internal workflow. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-452 7 pages 25 Oct 16 Release | IRTF Situation Update  27 Dec 10 - 0800 | December 27, 2010 | DIA | Secret | **Document Description –** Slides on IRTF Situation Update<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRT finances, organizational structure, internal workflow, and upcoming task focus areas for personnel. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-453<br><br>6 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  28 Sep 10 - 0800** | September 28, 2010 | DIA | Secret | **Document Description –** Slides on IRTF Situation Update<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRT finances, organizational structure, internal workflow, and upcoming task focus areas for personnel. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_** No. 16-CV-00311 _(D.D.C)_
_Defense Intelligence Agency Draft Vaughn Index – Part 1_

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-454<br><br>6 pages<br><br>25 Oct 16 Release | **IRTF Situation Update  9 Sep 10 - 0800** | September 9, 2010 | DIA | Secret | **Document Description –** Slides on IRTF Situation Update<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRT finances, organizational structure, internal workflow, and upcoming task focus areas for personnel. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-455

7 pages

25 Oct 16 Release | IRTF Situation Update 13 Jan 11 - 0800 | January 13, 2011 | DIA | Secret | **Document Description –** Slides on IRTF Situation Update<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRT finances, organizational structure, internal workflow, and upcoming task focus areas for personnel. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-456<br><br>8 pages<br><br>25 Oct 16 Release | IRTF Situation Update  13 Oct 10 - 0800 | October 13, 2010 | DIA | Secret | **Document Description –** Slides on IRTF Situation Update<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRT finances, organizational structure, internal workflow, and upcoming task focus areas for personnel. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-457<br><br>6 pages<br><br>25 Oct 16 Release | **IRTF Situation Update 14 Dec 10 - 0800** | December 14, 2010 | DIA | Secret | **Document Description –** Slides on IRTF Situation Update<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRT finances, organizational structure, internal workflow, and upcoming task focus areas for personnel. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-458<br><br>6 pages<br><br>25 Oct 16 Release | IRTF Situation Update  14 Feb 11 - 0800 | February 14, 2011 | DIA | Secret | **Document Description –** Slides on IRTF Situation Update<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRT finances, organizational structure, internal workflow, and upcoming task focus areas for personnel. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-459<br><br>6 pages<br><br>25 Oct 16 Release | IRTF Situation Update  14 Jan 11 - 0800 | January 14, 2011 | DIA | Secret | **Document Description –** Slides on IRTF Situation Update<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRT finances, organizational structure, internal workflow, and upcoming task focus areas for personnel. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-460<br><br>3 pages<br><br>25 Oct 16 Release | **IRTF Analytical Update 24 Aug 10 - 1600 [24 AUG 2010 – 1600 Corrected Copy]** | August 24, 2010 | DIA | Secret | **Document Description –** Slides on IRTF Situation Update<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as upcoming task focus areas for personnel. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Draft Vaughn Index – Part 1*

| V-461<br><br>6 pages<br><br>25 Oct 16 Release | IRTF Situation Update 27 Sep 10 - 0800 [27 SEP 2010 – 0800 Corrected Copy] | September 27, 2010 | DIA | Secret | **Document Description –** Slides on IRTF Situation Update<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure, such as information regarding IRT finances, organizational structure, internal workflow, and upcoming task focus areas for personnel. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review, and information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
*Defense Intelligence Agency Draft Vaughn Index – Part 1*