# Exhibit D

**_Raffi Khatchadourian v. DIA, et al.,_** No. 16-CV-00311 (D.D.C.)
**_Defense Intelligence Agency Vaughn Index – Part 2_**

| V-462 2 pages 19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C.)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-463 <br><br> 2 pages <br><br> 19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 2, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director <br> **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** <br><br> **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources;. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.** <br><br> **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the information that would tend to reveal its Agency partners.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-464 2 pages 19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 12, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-465<br><br>2 pages<br><br>19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-466<br><br>10 pages<br><br>19 April 17 Release | **IRTF ANALYTIAL UPDATE 20 AUG 2010 – 1600 HRS** | August 20, 2010 | DIA | Secret | **Document Description –** Slides<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence, and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.<br>. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-467 <br><br> 2 pages <br><br> 19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 18, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director <br> **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** <br><br> **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** <br><br> **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-468<br><br>8 pages<br><br>19 April 17 Release | **S-10-0305** | December 7, 2010 | DIA | Secret | **Document Description –** Internal Memorandum  from IRTF<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources;. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C.)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-469<br><br>3 pages<br><br>19 April 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | September 10, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources;. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. This is also asserted in regards to information that would tend to reveal DIA's agency partners or other agencies with whom it was coordinating its review. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-470<br><br>3 pages<br><br>19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 22, 2010 | DIA | Secret | **Document Description** – Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-471<br><br>2 pages<br><br>19 April 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 11, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-472 2 pages 19 April 17 Release | S-10-0028 | August 11, 2010 | DIA | Secret | **Document Description** – Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the |

***Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)***
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-473 2 pages 19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 19, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-474 | **SENSITIVE NON-RELEASABLE TITLE** | August 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 19 April 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  It is also asserted to withhold information that would lead to the disclosure of the identities of other agencies with whom DIA was coordinating its review, and to information that would tend to reveal its agency partners. **Statute 50 U.S.C. 3024(i)** is also asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-475<br><br>6 pages<br><br>19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | December 1, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. This document requests further information from inter-agency partners relevant to IRTF tasks. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-476<br><br>3 pages<br><br>19 April 17 Release | INFORMATION REVIEW TASK FORCE (IRTF) – DECEMBER 7, 2010 UPDATE | December 1, 2017 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Denied in Part – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a draft, containing suggested redline changes. The document thus comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |
| V-477<br><br>3 pages<br><br>19 April 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | November 19, 2010 | DIA | Secret | **Document Description –** Talking Points<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

| V-478 3 pages 19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | November 30, 2010 | DIA | Secret | **Document Description –** Talking Points<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

| V-479<br><br>2 pages<br><br>19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 6, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would |

***Raffi Khatchadourian v. DIA, et al.***, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-480 | SENSITIVE NON-RELEASABLE TITLE | August 9, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence agency. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would |
| 2 pages<br><br>19 April 17 Release | | | | | |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-481 | SENSITIVE NON-RELEASABLE TITLE | August 9, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in |
| 2 pages | | | | | |
| 19 April 17 Release | | | | | |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-482 | SENSITIVE NON-RELEASABLE TITLE | August 5, 2010 | DIA | Secret | **Document Description –** Desk Note |
|---|---|---|---|---|---|
| 1 page<br><br>19 April 17 Release | | | | | **Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-483 | SENSITIVE NON-RELEASABLE TITLE | August 2, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in |

V-483 cell left column continued:

2 pages

19 April 17 Release

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Vaughn Index – Part 2_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-484<br><br>2 pages<br><br>19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 6, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

| V-485<br><br>1 page<br><br>19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 9, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-486<br><br>2 pages<br><br>19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 8, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-487 | SENSITIVE NON-RELEASABLE TITLE | August 10, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in |
| 2 pages<br><br>19 April 17 Release | | | | | |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-488<br><br>2 pages<br><br>19 April 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 2, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| V-489<br><br>2 pages<br><br>19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 2, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-490 2 pages 19 April 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 9, 2010 | DIA | Secret | **Document Description –** Desk Note **Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |
| V-491<br><br>1 page<br><br>19 May 17 Release | **UNTITLED** | Undated | DIA | Secret | **Document Description –** Word Document analytic assessment.<br>**Document Denied in Full– Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-492<br><br>6 pages<br><br>19 May 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Memorandum<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests. This document is also a draft, and contains predecisional and deliberative comment bubbles and/or drack changes suggesting potential changes to the document. This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

**Raffi Khatchadourian v. DIA, et al., No. 16-CV-00311 (D.D.C)**
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-493<br><br>3 pages<br><br>19 May 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Word Document analytic assessment.<br>**Document Denied in Full– Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-494<br><br>3 pages<br><br>19 May 17 Release | **10-0126/IRTF** | Undated | DIA | Unclassified | **Document Description –** Memorandum<br>**Document Denied in Full– Exemption (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors proposing that the agency initiate a new analytical team for a particular topic.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-495<br><br>13 pages<br><br>19 May 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | October 2010 | DIA | Top Secret | **Document Description –** Finished Intelligence Product.<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. This document is a finished intelligence product, the purpose of which is to provide analysis and advice to policymakers regarding a particular sensitive issue. The document therefore contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-496<br><br>3 pages<br><br>19 May 17 Release | **WEEKLY SIGNIFICANT ACTIVITIES REPORT (SAR) 10-16 SEP** | Undated | DIA | Secret | **Document Description –** Word Document report.<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document is a record updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  The document therefore contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Non-Responsive:** Portions of the document were not responsive to the request. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-497<br><br>5 pages<br><br>19 May 17 Release | **WEEKLY SIGNIFICANT ACTIVITIES REPORT (SAR) 20-26 AUG** | Undated | DIA | Top Secret | **Document Description –** Word Document report.<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document is a record updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  The document therefore contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Non-Responsive:** Portions of the document were not responsive to the request. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-498<br><br>7 pages<br><br>19 May 17 Release | **WEEKLY SIGNIFICANT ACTIVITIES REPORT (SAR) 30 JUL- 5 AUG 10** | Undated | DIA | Secret | **Document Description –** Word Document report.<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document is a record updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  The document therefore contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Non-Responsive:** Portions of the document were not responsive to the request. |

| V-499<br><br>2 pages<br><br>19 May 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 10, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  The document therefore contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-500<br><br>2 pages<br><br>19 May 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 4, 2010 | DIA | Secret | **Document Description –** Desk Note<br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document is a record updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  The document therefore contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-501 3 pages 19 May 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 4, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Analytical Cell to Director Defense CI & HUMINT Center<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This also is a record updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decisionmaking on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-502<br><br>4 pages<br><br>19 May 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | September 1, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the including information that would tend to reveal its agency partners. Release of this information could compromise future analytical process with agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-503<br><br>6 pages<br><br>19 May 17 Release | SENSITIVE NON-RELEASABLE TITLE | December 1, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief IRTF to Director Defense CI & HUMINT Center<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-504 | SENSITIVE NON-RELEASABLE TITLE | September 2, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| 4 pages | | | | | |
| 19 May 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-505<br><br>4 pages<br><br>19 May 17 Release | SENSITIVE NON-RELEASABLE TITLE | September 3, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief IRTF to Director Defense CI & HUMINT Center<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-506 3 pages 19 May 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 12, 2010 | DIA | Secret | **Document Description –** Desk Note from IRTF to Director Defense CI & HUMINT Center<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the including information that would tend to reveal its agency partners. Release of this information could compromise future analytical process with agency partners. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-507<br><br>4 pages<br><br>19 May 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | November 23, 2010 | DIA | Secret | **Document Description –** Internal Info Memo<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the including information that would tend to reveal its agency partners.  Release of this information could compromise future analytical process with agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-508<br><br>4 pages<br><br>19 May 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | November 26, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the including information that would tend to reveal its agency partners.  Release of this information could compromise future analytical process with agency partners. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C.)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-509 | S-10-0126A | August 26, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
|---|---|---|---|---|---|
| 2 pages | | | | | |
| 19 May 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the including information that would tend to reveal its agency partners.  Release of this information could compromise future analytical process with agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-510<br><br>3 pages<br><br>19 May 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Internal Info Sheet<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. . The same statute is also asserted where DIA withheld the including information that would tend to reveal its agency partners.  Release of this information could compromise future analytical process with agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-511

3 pages

19 May 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Analytical Cell to Director Defense CI & HUMINT Center

**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-512<br><br>6 pages<br><br>19 May 17 Release | **IRTF ANALYTIC UPDATE** | August 24, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. Further, the document contains information concerning foreign relations and/or foreign activities of the United States Government, the disclosure of which could reasonably be expected to cause exceptionally grave damage to the national security. Lastly, the document contains information that, if released, would reveal capabilities and/or vulnerabilities of systems relating to the national security. Accordingly, the information is to be accorded protection from mandatory released under Executive Order 13526, section **1.4(c), 1.4(d), and 1.4(g). No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose |

| V-513

3 pages

19 May 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director<br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |
| --- | --- | --- | --- | --- | --- |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-514 | INFORMATION REVIEW TASK FORCE – UPDATED 9 AUGUST 2010 | August 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from DIA Director to the Secretary of Defense |
|---|---|---|---|---|---|
| 2 pages<br><br>19 May 17 Release | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

_**Raffi Khatchadourian v. DIA, et al.,** No. 16-CV-00311 (D.D.C)_
_Defense Intelligence Agency Vaughn Index – Part 2_

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-515<br><br>9 pages<br><br>19 May 17 Release | IRTF ANALYTIC UPDATE | August 19, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-516 | PROPOSED STRUCTURE – INFORMATION REVIEW TASK FORCE | Undated | DIA | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)** |
| 19 May 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the including information that would tend to reveal its agency partners.  Release of this information could compromise future analytical process with agency partners.  Additionally, the same statute is also asserted where DIA withheld the including information that would tend to reveal the number of personnel and resources that were expended on the IRTF project.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-517 3 pages 19 May 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 20, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-518 | SENSITIVE NON-RELEASABLE TITLE | August 13, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 19 May 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-519<br><br>13 pages<br><br>19 May 17 Release | **INFORMATION REVIEW TASK FORCE INFORMATION BRIEF** | September 7, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-520 | **UNTITLED** | Various dates between December 11-31, 2009 | DIA | Secret | **Document Description –** Situation Reports |
|---|---|---|---|---|---|
| 11 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)** |
| 19 May 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. The same statute is also asserted where DIA withheld the including information that would tend to reveal the number of personnel and resources that were expended on the IRTF project.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

<u>**Raffi Khatchadourian v. DIA, et al.,**</u> **No. 16-CV-00311** *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-521 | SENSITIVE NON-RELEASABLE TITLE | November 29, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 2 pages<br><br>19 May 17 Release | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-522<br><br>3 pages<br><br>19 May 17 Release | SENSITIVE NON-RELEASABLE TITLE | November 16, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-523<br><br>5 pages<br><br>19 May 17 Release | SENSITIVE NON-RELEASABLE TITLE | November 23, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-524 | INFORMATION REVIEW TASK FORCE UPDATE – 18 AUGUST 2010 - NEW | August 18, 2010 | DIA | Secret | **Document Description –** Talking Points |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)** |
| 19 May 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** <br><br> **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-525<br><br>3 pages<br><br>19 May 17 Release | INFORMATION REVIEW TASK FORCE UPDATE – 18 AUGUST 2010 | August 18, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-526 3 pages 19 May 17 Release | INFORMATION REVIEW TASK FORCE UPDATE – 19 AUGUST 2010 | August 19, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-527 | INFORMATION REVIEW TASK FORCE UPDATE – 20 AUGUST 2010 | August 20, 2010 | DIA | Secret | **Document Description –** Talking Points |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)** |
| 19 May 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| V-528 | INFORMATION REVIEW TASK FORCE UPDATE – 23 AUGUST 2010 | August 23, 2010 | DIA | Secret | **Document Description –** Talking Points |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)** |
| 19 May 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-529 | INFORMATION REVIEW TASK FORCE UPDATE – 23 AUGUST 2010 | August 23, 2010 | DIA | Secret | **Document Description –** Talking Points |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)** |
| 19 May 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-530 | INFORMATION REVIEW TASK FORCE UPDATE – 24 AUGUST 2010 | August 24, 2010 | DIA | Secret | **Document Description –** Talking Points |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)** |
| 19 May 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-531<br><br>4 pages<br><br>19 May 17 Release | INFORMATION REVIEW TASK FORCE UPDATE – 25 AUGUST 2010 | August 25, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-532<br><br>2 pages<br><br>19 May 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Top Secret | **Document Description –** Word document analytic assessment<br><br>**Document Denied in Full– Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-533<br><br>4 pages<br><br>19 June 17 Release | **ADDITIONAL QUESTIONS REGARDING WIKILEAKS AND IRTF** | Undated | DIA | Unclassified | **Document Description –** Word questions and answers document.<br><br>**Document Denied in Full – Exemption (b)(3), (b)(5**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| V-534 50 pages 19 June 17 Release | IRTF Slide Deck – 15 Sep 10 – 0800 HRS | September 15, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD |
|---|---|---|---|---|---|

**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-535 | IRTF Slide Deck – 22 Sep 10 – 0800 HRS | September 22, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD |
|---|---|---|---|---|---|
| 50 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 19 June 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-536 25 pages 19 June 17 Release | IRTF Slide Deck – 23 Aug 10 – 0700 HRS | August 23, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD |
|---|---|---|---|---|---|

**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-537 25 pages 19 June 17 Release | IRTF Slide Deck – 25 Aug 10 – 0800 HRS | August 25, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-538<br><br>52 pages<br><br>19 June 17 Release | IRTF Slide Deck – 23 Sep 10 – 0800 HRS | September 23, 2010 | DIA | Secret | **Document Description –** Slides on Impact Assessment to DoD<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-539 | **IRTF Summary Report** | September 24, 2010 | DIA | Secret | **Document Description –** Report |
|---|---|---|---|---|---|
| 34 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5)** |
| 19 June 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record.  No other portions withheld under this exemption are reasonably segregable.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-540<br><br>3 pages<br><br>19 June 17 Release | **DEFENSE INTELLIGENCE DIGEST** | April 2, 2010 | DIA | Secret | **Document Description –** Finished Intelligence Product<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-541<br><br>1 page<br><br>19 June 17 Release | SENSITIVE NON-RELEASABLE TITLE | November/December 2010 | DIA | Top Secret | **Document Description –** Slide on Impact Assessment to DoD<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human source. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-542<br><br>1 page<br><br>19 June 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | November 2010 | DIA | Secret | **Document Description –** Slide on Impact Assessment to DoD<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human source. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-543<br><br>1 pages<br><br>19 June 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | December 5, 2010 | DIA | Top Secret | **Document Description –** Slide on Impact Assessment to DoD<br><br>**Document Denied in Full – Exemption (b)(1)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-544<br><br>3 pages<br><br>19 June 17 Release | **INFORMATION REVIEW TASK FORCE UPDATE – 17 AUGUST 2010** | August 17, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. It is also asserted for information that would tend to review DIA's agency partners. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this document is a record presented by subordinate officers to superiors reflecting those officers' interim assessments of Wikileaks-related vulnerabilities with respect to particular foreign policy and/or military interests.  This document thus contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record** |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-545<br><br>1 page<br><br>19 June 17 Release | **ANALYTIC AND STAFF RFIs** | August 19, 2010 | DIA | Secret | **Document Description –** Email<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-546<br><br>1 page<br><br>19 June 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 18, 2010 | DIA | Secret | **Document Description –** Email<br><br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-547<br><br>2 pages<br><br>19 June 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 17, 2010 | DIA | Secret | **Document Description –** Email<br><br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the DIA unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-548 | SENSITIVE NON-RELEASABLE TITLE | August 23, 2010 | DIA | Secret | **Document Description –** Email |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 19 June 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-549 6 pages 19 June 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 15, 2010 | DIA | Secret | **Document Description –** Email |
|---|---|---|---|---|---|

**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-550<br><br>6 pages<br><br>19 June 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 15, 2010 | DIA | Secret | **Document Description –** Email<br><br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose |

| V-551 2 pages 15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 6, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director |
|---|---|---|---|---|---|
| | | | | | **Document Released in Part – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-552 2 pages 15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 9, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director<br>**Document Released in Part – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-553 2 pages 15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 9, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-554<br><br>2 pages<br><br>15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 9, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.   Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-555<br><br>2 pages<br><br>15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 11, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-556 | SENSITIVE NON-RELEASABLE TITLE | August 2, 2010 | DIA | Secret | **Document Description –** Desk Note |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Aug 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and 1.4(d) – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-557<br><br>2 pages<br><br>15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 6, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-558 | SENSITIVE NON-RELEASABLE TITLE | August 8, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director |
|---|---|---|---|---|---|
| 2 pages | | | | | |
| 15 Aug 17 Release | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-559

2 pages

15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 10, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director

**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-560 | SENSITIVE NON-RELEASABLE TITLE | August 2, 2010 | DIA | Secret | **Document Description –** Desk Note |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Aug 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Additionally, the same statute is also asserted where including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-561<br><br>2 pages<br><br>15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 11, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-562<br><br>2 pages<br><br>15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 2, 2010 | DIA | Secret | **Document Description –** Desk Note<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-563  2 pages  15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 9, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director  **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**  **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**  **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**  **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**  **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-564 <br><br> 2 pages <br><br> 15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 11, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director <br><br> **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** <br><br> **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** <br><br> **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** <br><br> **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-565<br><br>2 pages<br><br>15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 12, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-566  2 pages  15 Aug 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 6, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to Commander of US CENTCOM  **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**  **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**  **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**  **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-567 | SENSITIVE NON-RELEASABLE TITLE | August 2, 2010 | DIA | Secret | **Document Description –** Desk Note |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Aug 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

<u>***Raffi Khatchadourian v. DIA, et al.***</u>, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-568

2 pages

15 Aug 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 2, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from DIA Director to Secretary of DoD

**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence, and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-569<br><br>1 page<br><br>15 Sep 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 11, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-570

1 page

15 Sep 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 10, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director

**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-571<br><br>1 page<br><br>15 Sep 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 11, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-572

2 pages

15 Sep 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 11, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director

**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No other portions withheld under this exemption are reasonably segregable.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-573<br><br>1 page<br><br>15 Sep 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-574<br><br>3 pages<br><br>15 Sep 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 4, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-575 | FW 2 Aug WikiLeaks Afternoon Meeting | August 3, 2010 | DIA | Secret | **Document Description –**  Email |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Sep 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** is also asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-576<br><br>2 pages<br><br>15 Sep 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 6, 2010 | DIA | Secret | **Document Description –** Email<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where including information that would tend to reveal its agency partners.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-577<br><br>3 pages<br><br>15 Sep 17 Release | **FW Information Review TF** | August 2, 2010 | DIA | Secret | **Document Description –** Email<br><br>**Document Partially Released – Exemption (b)(3), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA information, including IRTF logistics such as office space, A/V support, building access, contracting, and finances; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. Release of this info could compromise future analytical capabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-578 | **FW Wikileaks data – Info Review Task Force (IRTF)** | August 4, 2010 | DIA | Secret | **Document Description –**  Email |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Sep 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-579 2 pages 15 Sep 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 12, 2010 | DIA | Secret | **Document Description –** Desk Note from Director Defense CI & HUMINT Center to DIA Director |
|---|---|---|---|---|---|
| | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-580 | SENSITIVE NON-RELEASABLE TITLE | Undated | DIA | Secret | **Document Description –** Memorandum from Director Defense CI & HUMINT Center |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Sep 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** is also asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-581

1 page

15 Sep 17 Release | **New Tasks for Action** | Undated | DIA | Unclassified | **Document Description –**  Slide

**Document Denied in Full – Exemption (b)(3), (b) 5, (b)(6)**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-582 | RE Thoughts on organization | August 1, 2010 | DIA | Confidential | **Document Description –** Email |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Sep 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; including information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-583<br><br>1 page<br><br>15 Sep 17 Release | **INFORMATION REVIEW TASK FORCE UPDATE** | August 4, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-584 | **July 30, 2010 Update** | July 30, 2010 | DIA | Secret | **Document Description –** Word Document |
|---|---|---|---|---|---|
| 1 page | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6).** |
| 15 Sep 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. The same statute is also asserted where DIA withheld the including information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-585<br><br>1 page<br><br>15 Sep 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Unmarked | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(3), (b)(5)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_
_Defense Intelligence Agency Vaughn Index – Part 2_

| V-586 | SENSITIVE NON-RELEASABLE TITLE | August 9, 2010 | DIA | Secret | **Document Description –** Desk Note |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Sep 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-587<br><br>2 pages<br><br>15 Sep 17 Release | **FW Remaining Due Outs** | August 3, 2010 | DIA | Unclassified | **Document Description –** Email<br><br>**Document Denied in Full – Exemption (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-588 2 pages 15 Sep 17 Release | Info Memo IRTF – Update 9 Aug 2010 | August 9, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|

**Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. Further, the document contains information concerning foreign relations and/or foreign activities of the United States Government, the disclosure of which could reasonably be expected to cause exceptionally grave damage to the national security. Accordingly, the information is to be accorded protection from mandatory released under Executive Order 13526, section **1.4(c) and 1.4(d). No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-589 | IRTF Situation Update – 4 Aug 2010 – 0800 | August 4, 2010 | DIA | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|
| 10 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Sep 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information regarding upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-590<br><br>2 pages<br><br>15 Sep 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 4, 2010 | DIA | Secret | **Document Description –** Email<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where including information that would tend to reveal its agency partners.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-591 35 pages 15 Oct 17 Release | IRTF Situation Update – 2 Aug 2010 | August 2, 2010 | DIA | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|

**Document Description –** Slides

**Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; information including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-592<br><br>45 pages<br><br>15 Oct 17 Release | IRTF Situation Update – 3 Aug 2010 | August 3, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; information including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-593<br><br>17 pages<br><br>15 Oct 17 Release | IRTF Situation Update – 3 Aug 2010 | August 3, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; information including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.   Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-594 | IRTF Situation Update – 4 Aug 2010 | August 4, 2010 | DIA | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|
| 32 pages | | | | | **Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Oct 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; information including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-595<br><br>11 pages<br><br>15 Oct 17 Release | **IRTF Afternoon Situation Update – 4 Aug 2010** | August 4, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; information including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-596 | IRTF Afternoon Situation Update – 3 Aug 2010 | August 3, 2010 | DIA | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|
| 20 pages | | | | | **Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Oct 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; information including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.   Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-597 | **RE Draft Email** | August 5, 2010 | DIA | Secret | **Document Description –** Email |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Oct 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information on upcoming task focus areas for personnel; information including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-598 | SENSITIVE NON-RELEASABLE TITLE | August 2, 2010 | DIA | Secret | **Document Description –** Email |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Oct 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information on upcoming task focus areas for personnel; information including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-599 | **SAR Item on IRTF** | August 3, 2010 | DIA | Secret | **Document Description –** Email |
|---|---|---|---|---|---|
| 1 page | | | | | **Document Denied in Full– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Oct 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the |

_**Raffi Khatchadourian v. DIA, et al.,**_ No. 16-CV-00311 _(D.D.C)_
_Defense Intelligence Agency Vaughn Index – Part 2_

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

<u>*Raffi Khatchadourian v. DIA, et al.,*</u> No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-600<br><br>2 pages<br><br>15 Oct 17 Release | **Info memo #2 (IRTF) – 02 Aug Update** | August 2, 2010 | DIA | Secret | **Document Description –** Memorandum from DIA Director to the Secretary of Defense<br><br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

<u>*Raffi Khatchadourian v. DIA, et al.,*</u> No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-601

2 pages

15 Oct 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Unclassified //For Official Use Only | **Document Description –**  Internal Announcement from Office of Public Affairs

**Document Partially Released– Exemption (b)(3), (b)(6)**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information on upcoming task focus areas for personnel; information including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-602

2 pages

15 Oct 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 3, 2010 | DIA | Secret | **Document Description –** Desk Note from IT-TF to Task Force Leadership<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
|---|---|---|---|---|---|

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-603 | **FW Wikileaks** | August 4, 2010 | DIA | Secret | **Document Description –** Email |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Oct 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.   Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-604<br><br>17 pages<br><br>15 Oct 17 Release | **Metrics** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information on upcoming task focus areas for personnel; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| V-605 | **IRTF Structure** | Undated | DIA | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 15 Oct 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-606

1 page

15 Oct 17 Release | **Red-Line Rules** | August 5, 2010 | DIA | Unclassified | **Document Description –**  Email

**Document Denied in Full – Exemption (b)(3), (b)(5), (b)(6)**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information on upcoming task focus areas for personnel. Release of this info could compromise internal processes. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-607<br><br>13 pages<br><br>30 Nov 17 Release | SENSITIVE NON-RELEASABLE TITLE | September 22, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-608

4 pages

30 Nov 17
Release | SENSITIVE NON-RELEASABLE TITLE | August 25, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF through Director Defense CI & HUMINT Center to DIA Director

**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-609<br><br>3 pages<br><br>30 Nov 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 16, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF through Director Defense CI & HUMINT Center to DIA Director<br><br>**Document Released in Part – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-610 3 pages 30 Nov 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 19, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF through Director Defense CI & HUMINT Center to DIA Director<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-611<br><br>3 pages<br><br>30 Nov 17 Release | SENSITIVE NON-RELEASABLE TITLE | October 15, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Director Defense CI & HUMINT Center to DIA Director<br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-612

2 pages

30 Nov 17 Release | SENSITIVE NON-RELEASABLE TITLE | August 15, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF through Director Defense CI & HUMINT Center to DIA Director |
|---|---|---|---|---|---|
| | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-613<br><br>3 pages<br><br>30 Nov 17 Release | **S-10-0205** | August 20, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF to Director Defense CI & HUMINT Center<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-614  11 pages  30 Nov 17 Release | **S-10-0205** | August 20, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF to Director Defense CI & HUMINT Center  **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**  **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**  **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**  **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-615 20 pages 30 Nov 17 Release | S-10-0222 | September 16, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-616<br><br>3 pages<br><br>30 Nov 17 Release | **S-10-0254** | November 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-617<br><br>3 pages<br><br>30 Nov 17 Release | **S-10-0257** | November 9, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*__Raffi Khatchadourian v. DIA, et al.,__* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-618<br><br>4 pages<br><br>30 Nov 17 Release | **S-10-0263** | November 17, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-619 | S-10-0266 | November 18, 2010 | DIA | Secret | **Document Description –** Info Paper |
|---|---|---|---|---|---|
| 9 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 30 Nov 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-620 3 pages 30 Nov 17 Release | S-10-1737 | August 10, 2010 | DIA | Secret | **Document Description –**  Internal Memorandum from DIA Director to Secretary of Defense<br><br>**Document Partially released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-621  2 pages  30 Nov 17 Release | **S-11-0222** | February 3, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from DIA Director to Secretary of Defense  **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**  **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**  **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**  **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |