# Exhibit E

***Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)***
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-622<br><br>4 pages<br><br>30 Nov 17 Release | **S-11-0358** | January 3, 2011 | DIA | Secret | **Document Description –** Response Memo from IRTF to Senator<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-623<br><br>6 pages<br><br>30 Nov 17 Release | **S-11-0400** | March 17, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF to Director Defense CI & HUMINT Center<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld upcoming task focus areas for personnel; and information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-624 2 pages 30 Nov 17 Release | S-11-0363 | January 5, 2011 | DIA | Secret | **Document Description –** Response Memo from IRTF to Senator |
|---|---|---|---|---|---|
| | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-625<br><br>5 pages<br><br>30 Nov 17 Release | **Talking Points – 19 Oct 2010** | October 19, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-626<br><br>4 pages<br><br>30 Nov 17 Release | **Talking Points – 6 Oct 2010** | October 6, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-627<br><br>4 pages<br><br>30 Nov 17 Release | **Talking Points – 7 Oct 2010** | October 7, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-628<br><br>3 pages<br><br>30 Nov 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Word Document – analysis of specific data set<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>Exemption (b)(1): The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>Exemption (b)(3): was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>Exemption (b)(5): DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C.)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-629 | TS-10-322 | December 16, 2010 | DIA | Top Secret | **Document Description –** Internal Memorandum from Chief of IRTF to Director Defense CI & HUMINT Center |
|---|---|---|---|---|---|
| 15 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 30 Nov 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national securit. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C.)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-630 | **TS-10-457** | September 17, 2010 | DIA | Top Secret | **Document Description –**  Memorandum |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 30 Nov 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-631 | TS-11-0152 | January 25, 2011 | DIA | Top Secret | **Document Description –** Internal Memorandum from DIA Director to Secretary of Defense |
|---|---|---|---|---|---|
| 2 pages | | | | | |
| 30 Nov 17 Release | | | | | |

**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C.)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-632

2 pages

30 Nov 17 Release | TS-11-0269 | February 9, 2011 | DIA | Top Secret | **Document Description –** Internal Memorandum from DIA Director to Secretary of Defense

**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this** |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-633<br><br>2 pages<br><br>30 Nov 17 Release | TS-11-0325 | February 11, 2011 | DIA | Top Secret | **Document Description –** Internal Memorandum from DIA Director to Secretary of Defense<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-634 | **WikiLeaks Situation Update April 14, 2011** | April 14, 2011 | ODNI | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|
| 9 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 30 Nov 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-635 | WikiLeaks Situation Update May 5, 2011 | May 5, 2011 | ODNI | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|
| 11 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 30 Nov 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-636 4 pages 30 Nov 17 Release | 131805ZAUG10 | August 13, 2010 | CENTCOM | Secret | **Document Description –** Combatant Command Directive relating to the unauthorized disclosure<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-637 | Final Report of the Department of Defense Information Review Task Force – Executive Summary | Undated | DIA | Secret | **Document Description –** Executive Summary Report |
|---|---|---|---|---|---|
| 5 pages | | | | | **Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 30 Nov 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-638 | SENSITIVIE NON-RELEASABLE TITLE | Undated | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 5 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-639

2 pages

22 Dec 17 Release | **SENSITIVIE NON-RELEASABLE TITLE** | November 15, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Chairman of Joint Chiefs of Staff

**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-640<br><br>1 page<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Word document: analysis of specific data set<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5),**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-641<br><br>2 pages<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Word document: analysis of specific data set<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5),**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-642<br><br>3 pages<br><br>22 Dec 17 Release | **SENSITIVIE NON-RELEASABLE TITLE** | October 26, 2010 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-643

5 pages

22 Dec 17
Release | **SENSITIVIE NON-RELEASABLE TITLE** | October 26, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-644<br><br>3 pages<br><br>22 Dec 17 Release | **DD Visit with Chief, IRTF, 08 October 2010** | October 7, 2010 | DIA | Secret | **Document Description –**  Word document: read ahead<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

<u>*Raffi Khatchadourian v. DIA, et al.,*</u> No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-645 | SENSITIVIE NON-RELEASABLE TITLE | October 7, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 2 pages |  |  |  |  | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 22 Dec 17 Release |  |  |  |  | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
|  |  |  |  |  | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
|  |  |  |  |  | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
|  |  |  |  |  | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-646 | **Untitled** | Undated | DIA | Secret | **Document Description –** Word document: analysis of specific data set |
|---|---|---|---|---|---|
| 14 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-647<br><br>1 page<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Word document: IRTF assessments of specific data sets<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| V-648<br><br>3 pages<br><br>22 Dec 17 Release | SENSITIVIE NON-RELEASABLE TITLE | October 12, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director Defense CI & HUMINT Center<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-649 | SENSITIVIE NON-RELEASABLE TITLE | October 12, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the |

<u>*Raffi Khatchadourian v. DIA, et al.,*</u> No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-650<br><br>1 page<br><br>22 Dec 17 Release | **SENSITIVIE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-651<br><br>6 pages<br><br>22 Dec 17 Release | **SENSITIVIE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; including information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-652<br><br>2 pages<br><br>22 Dec 17 Release | **31 JUL 2010 – Afternoon Brief** | July 31, 2010 | DIA | Unclassified | **Document Description –**  Word document: notes<br><br>**Document Denied in Full – Exemption (b)(3), (b)(5)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-653<br><br>1 page<br><br>22 Dec 17 Release | **SENSITIVIE NON-RELEASABLE TITLE** | Undated | DIA | Top Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-654 | SENSITIVIE NON-RELEASABLE TITLE | Undated | DIA | Top Secret | **Document Description –** Background Note |
|---|---|---|---|---|---|
| 7 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-655<br><br>1 page<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Unclassified | **Document Description –**  Word document: analysis/assessment<br><br>**Document Denied in Full – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-656<br><br>3 pages<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. Release of this info could compromise future analytical capabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-657<br><br>2 pages<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. Release of this info could compromise future analytical capabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-658<br><br>9 pages<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; the identities of other agencies with which DIA was coordinating its review; and information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-659 | SENSITIVIE NON-RELEASABLE TITLE | September 9, 2010 | DIA | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|
| 15 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; the identities of other agencies with which DIA was coordinating its review; and information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-660<br><br>3 pages<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Unclassified// For Official Use Only | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(3), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-661<br><br>1 page<br><br>22 Dec 17 Release | **Review Update** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; upcoming task focus areas for personnel; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-662<br><br>12 pages<br><br>22 Dec 17 Release | **Course of Action Brief** | August 26, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; upcoming task focus areas for personnel; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-663<br><br>1 page<br><br>22 Dec 17 Release | **Current Structure Information Review Task Force** | Undated | DIA | Unclassified | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(3), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-664<br><br>3 pages<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld upcoming task focus areas for personnel; and the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-665<br><br>6 pages<br><br>22 Dec 17 Release | **DCHC Director's CCIR** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-666<br><br>2 pages<br><br>22 Dec 17 Release | **Defense Intelligence Digest** | October 15, 2010 | DIA | Secret | **Document Description –** Finished Intelligence Product<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-667 | SENSITIVE NON-RELEASABLE TITLE | Undated | DIA | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-668 | SENSITIVE NON-RELEASABLE TITLE | January 12, 2011 | DIA | Top Secret | **Document Description –** Desk Note |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-669<br><br>2 pages<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; upcoming task focus areas for personnel; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-670<br><br>2 pages<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Word document on analytic processes<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-671<br><br>4 pages<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Word document of message to IRTF on review guidance<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-672<br><br>2 pages<br><br>22 Dec 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; upcoming task focus areas for personnel; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-673<br><br>3 pages<br><br>22 Dec 17 Release | **Untiled** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-674<br><br>1 page<br><br>22 Dec 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Unclassified | **Document Description –** Slide<br><br>**Document Partially Released – Exemption (b)(3), (b)(5)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| V-675 2 pages 22 Dec 17 Release | SENSITIVIE NON-RELEASABLE TITLE | March 3, 2011 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-676<br><br>5 pages<br><br>22 Dec 17<br>Release | SENSITIVIE NON-RELEASABLE TITLE | October 20, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from IRTF Chief to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-677<br><br>3 pages<br><br>22 Dec 17 Release | **IRTF Org Chart** | Undated | DIA | Unclassified | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(3), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-678<br><br>11 pages<br><br>22 Dec 17 Release/<br>8 Aug 18 Release | **Information Review Task Force Situation Update** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; upcoming task focus areas for personnel; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-679<br><br>2 pages<br><br>22 Dec 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Confidential | **Document Description –** Word document<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-680<br><br>1 page<br><br>22 Dec 17 Release | **IRTF Composition** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-681<br><br>2 pages<br><br>22 Dec 17 Release | **IRTF Lines of Operation** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.   Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

**_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_**
**_Defense Intelligence Agency Vaughn Index – Part 2_**

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-682<br><br>7 pages<br><br>22 Dec 17 Release | **IRTF Product Knowledge Management** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-683<br><br>2 page<br><br>22 Dec 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-684<br><br>6 pages<br><br>22 Dec 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Word document<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-685<br><br>12 pages<br><br>22 Dec 17 Release | **Way Forward** | September 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-686<br><br>4 pages<br><br>22 Dec 17 Release | **Case Study Interview** | December 16, 2010 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-687 | **Untitled** | February 8, 2011 | DIA | Secret | **Document Description –** Word document: draft assessment of specific data set |
|---|---|---|---|---|---|
| 7 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; upcoming task focus areas for personnel; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-688 | **Untitled** | February 24, 2011 | DIA | Secret | **Document Description –** Word document: draft assessment of specific data set |
|---|---|---|---|---|---|
| 17 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; upcoming task focus areas for personnel; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-689<br><br>2 pages<br><br>22 Dec 17 Release | **Untitled** | Undated | DIA | Unclassified// For Official Use Only | **Document Description –**  Slides on information sharing<br><br>**Document Denied in Full – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-690<br><br>2 pages<br><br>22 Dec 17 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Word document<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; upcoming task focus areas for personnel; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C.)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-691 3 pages 22 Dec 17 Release | S-10-0007 | August 12, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF through Director Defense CI & HUMINT Center to DIA Director |
|---|---|---|---|---|---|

**Document Description –** Internal Memorandum from Chief of IRTF through Director Defense CI & HUMINT Center to DIA Director

**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-692<br><br>2 pages<br><br>22 Dec 17 Release | **S-10-0126** | August 20, 2010 | DIA | Unclassified// For Official Use Only | **Document Description –** Internal Memorandum from Chief of IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; upcoming task focus areas for personnel; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** is also asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-693<br><br>4 pages<br><br>22 Dec 17 Release | **S-10-0274** | November 22, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-694<br><br>3 pages<br><br>22 Dec 17 Release | **S-10-0275** | November 22, 2010 | DIA | Secret | **Document Description –** Talking Points<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-695<br><br>4 pages<br><br>22 Dec 17 Release | **S-10-0277** | November 22, 2010 | DIA | Secret | **Document Description –**  Memorandum<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C.)
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-696<br><br>6 pages<br><br>22 Dec 17 Release | **S-10-0279** | November 23, 2010 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-697<br><br>7 pages<br><br>22 Dec 17 Release | **S-10-0285** | November 24, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 (D.D.C)
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-698 | S-10-0288 | November 24, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 6 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-699 | S-10-0289 | November 24, 2010 | DIA | Secret | **Document Description –** Memorandum |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

_Raffi Khatchadourian v. DIA, et al.,_ No. 16-CV-00311 _(D.D.C)_
_Defense Intelligence Agency Vaughn Index – Part 2_

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-700<br><br>4 pages<br><br>22 Dec 17 Release | **S-10-0293** | November 28, 2010 | DIA | Secret | **Document Description –**  Internal Memorandum from Chief of IRTF to Director Defense CI & HUMINT Center<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the DIA unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-701<br><br>9 pages<br><br>22 Dec 17 Release | **S-10-0302** | December 6, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief of IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-702<br><br>4 pages<br><br>22 Dec 17 Release | **S-10-0305** | December 13, 2010 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-703<br><br>3 pages<br><br>22 Dec 17 Release | **S-10-0320** | December 16, 2010 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-704<br><br>2 pages<br><br>22 Dec 17 Release | **S-10-1881** | September 1, 2010 | DIA | Secret | **Document Description –** Memorandum from DIA Director to the Secretary of Defense<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; IRTF logistics such as office space, A/V support, building access, contracting, and finances; and the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-705 | SENSITIVE NON-RELEASABLE TITLE | Undated | DIA | Secret | **Document Description –** Word document |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5)** |
| 22 Dec 17 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-706<br><br>5 pages<br><br>22 Dec 17 Release/<br>8 Aug 18 Release | **SENSITIVE NON-RELEASABLE TITLE** | September 15, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(b)** – foreign government information;  section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. Release of this info could compromise intelligence collection capabilities and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5)**: DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-707<br><br>22 pages<br><br>30 Jan 18 Release | **Information Response Task Force (IRTF) Knowledge Management Lessons Learned** | Undated | DIA | Secret | **Document Description –** Internal Memorandum to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. Accordingly, the information is to be accorded protection from mandatory released under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Email and web addresses and computer links from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. DIA also withheld information that, if released, would reveal DIA functions, in particular, information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time, and technological capabilities. Release of this info could compromise intelligence collection capabilities and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-708<br><br>9 pages<br><br>30 Jan 18 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. Accordingly, the information is to be accorded protection from mandatory released under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold information that, if released, would reveal DIA functions. In particular, DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.   **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-709<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 1, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-710<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 10, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-711<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 11, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-712

2 pages

30 Jan 18 Release | **DAILY SITREP** | October 12, 2010 | DIA | Secret | **Document Description –** Word document

**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-713<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | August 13, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-714<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 13, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-715<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 13, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-716<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 14, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-717<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 14, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-718<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | August 15, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-719<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 15, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-720<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 15, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-721<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | August 16, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-722<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 16, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-723<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | August 17, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-724<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 17, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-725<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | August 18, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-726<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 18, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-727<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 18, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>Exemption (b)(1): The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>Exemption (b)(3): was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>Exemption (b)(6): The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-728<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 19, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-729<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 2, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-730<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 2, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-731<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 20, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-732<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 20, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-733<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 21, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-734<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 21, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-735<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 22, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-736<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | August 23, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-737<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 23, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-738<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 23, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-739<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | August 24, 2010 | DIA | Secret | **Document Description –**  Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-740<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 24, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-741<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 24, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-742<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | August 25, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-743<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 25, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-744<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 25, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-745<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | August 26, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-746<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 26, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-747<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | August 27, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-748<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 27, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-749<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 27, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-750<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 28, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-751<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 29, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-752<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | August 30, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-753<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 30, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-754<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 4, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-755<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 6, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-756<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 7, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-757<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 7, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-758<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 8, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-759<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 8, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-760<br><br>2 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | October 9, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-761<br><br>3 pages<br><br>30 Jan 18 Release | **DAILY SITREP** | September 9, 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-762 | SENSITIVE NON-RELEASABLE TITLE | September 22, 2010 | DIA | Secret | **Document Description –** Slides |
|---|---|---|---|---|---|
| 10 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 30 Jan 18 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-763<br><br>33 pages<br><br>30 Jan 17 Release | IRTF Summary Report | September 20, 2010 | DIA | Secret | **Document Description –** Report<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C.)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-764 | **Duty to Notify Lessons Learned Operational Case Study** | Undated | DIA | Secret | **Document Description –** Report |
|---|---|---|---|---|---|
| 46 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)** |
| 30 Jan 18 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-765<br><br>3 pages<br><br>30 Jan 18 Release | **FW Friday Update** | August 1, 2010 | DIA | Secret | **Document Description –** Email<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-766<br><br>34 pages<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **Information Review Task Force Brief** | October 7, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and information on the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-767<br><br>14 pages<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **Information Review Task Force Decision Brief** | August 9, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; information on upcoming task focus areas for personnel; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. Release of this info could compromise intelligence collection capabilities and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-768<br><br>7 pages<br><br>30 Jan 18 Release | **Information Review Task Force Situation Update** | May 12, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-769<br><br>8 pages<br><br>30 Jan 18 Release | **Information Review Task Force Situation Update** | April 19, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld upcoming task focus areas for personnel; and the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-770<br><br>17 pages<br><br>30 Jan 18 Release | **Information Review Task Force Situation Update** | October 23, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld upcoming task focus areas for personnel; and the countries with which it shared intelligence; and information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-771<br><br>11 pages<br><br>30 Jan 18 Release | **Information Review Task Force Situation Update** | April 26, 2011 | DIA | Top Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld upcoming task focus areas for personnel; and the countries with which it shared intelligence; and information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-772<br><br>34 pages<br><br>30 Jan 18 Release | **Information Review Task Force Situation Update** | August 3, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld IRTF logistics such as office space, A/V support, building access, contracting, and finances; the identities of other agencies with which DIA was coordinating its review; upcoming task focus areas for personnel; and the countries with which it shared intelligence; and information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-773<br><br>10 pages<br><br>30 Jan 18 Release | **Information Review Task Force Situation Update** | May 3, 2011 | DIA | Top Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. Release of this info could compromise intelligence collection capabilities and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-774<br><br>81 pages<br><br>30 Jan 18 Release | **Information Review Task Force Situation Update** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; the identities of other agencies with which DIA was coordinating its review; and the countries with which it shared intelligence; and information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-775<br><br>1 pages<br><br>30 Jan 18 Release | **Initial Thoughts Re Senator Levin's Letter** | Undated | DIA | Confidential | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners; and the countries with which it shared intelligence. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-776<br><br>14 pages<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld upcoming task focus areas for personnel; and the countries with which it shared intelligence; and information that would tend to reveal its agency partners.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-777<br><br>19 pages<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **IRTF Info Brief** | September 22, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review; and the countries with which it shared intelligence; and upcoming task focus areas for personnel.  Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-778 | IRTF Interim Report | Undated | DIA | Secret | **Document Description –** Report |
|---|---|---|---|---|---|
| 24 pages | | | | | **Document Partially Released – Exemption (b)(1), (b)(3), (b)(5)** |
| 30 Jan 18 Release/ 8 Aug 18 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information on the identities of other agencies with which DIA was coordinating its review. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges and disrupt future operations. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-779<br><br>10 pages<br><br>30 Jan 18 Release | **IRTF Case Study Interview** | March 9, 2011 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review; and the countries with which it shared intelligence; and upcoming task focus areas for personnel.  Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-780<br><br>9 pages<br><br>30 Jan 18 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld upcoming task focus areas for personnel; and the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-781<br><br>65 pages<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **IRTF Slide Deck** | October 8, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld including information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; the identities of other agencies with which DIA was coordinating its review; and the countries with which it shared intelligence.  Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-782<br><br>33 pages<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **IRTF Slide Deck** | September 8, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Released in Part – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld including information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; the identities of other agencies with which DIA was coordinating its review; and the countries with which it shared intelligence.  Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-783<br><br>14 pages<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **IRTF WikiLeaks National Defense and Security Impact Brief** | February 2, 2011 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released– Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld including the identities of other agencies with which DIA was coordinating its review; and the countries with which it shared intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-784<br><br>2 pages<br><br>30 Jan 18 Release | **List of Sensitive Research Issues** | Undated | DIA | Secret | **Document Description –** Word Document<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information on upcoming task focus areas for personnel; and the countries with which it shared intelligence. Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-785<br><br>5 pages<br><br>30 Jan 18 Release | **Night Production Team** | Undated | DIA | Unclassified// For Official Use Only | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld including information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-786<br><br>4 pages<br><br>30 Jan 18 Release | **Case Study Interview** | February 23, 2011 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Partially Released – Exemption (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; IRTF logistics such as office space, A/V support, building access, contracting, and finances; and including information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-787<br><br>4 pages<br><br>30 Jan 18 Release | Case Study Interview | August 20, 2010 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; IRTF logistics such as office space, A/V support, building access, contracting, and finances; and including information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-788<br><br>5 pages<br><br>30 Jan 18 Release | **Case Study Interview** | February 7, 2011 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Partially Released– Exemption (b)(3), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld IRTF logistics such as office space, A/V support, building access, contracting, and finances; including information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and including information that would tend to reveal its agency partners. Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-789<br><br>3 pages<br><br>30 Jan 18 Release | **Case Study Interview** | January 27, 2011 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Partially Released– Exemption (b)(3), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and including information that would tend to reveal its agency partners. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-790<br><br>12 pages<br><br>30 Jan 18 Release | **Case Study Interview** | March 15, 2011 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld IRTF logistics such as office space, A/V support, building access, contracting, and finances; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and including information that would tend to reveal its agency partners.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-791<br><br>4 pages<br><br>30 Jan 18 Release | **Case Study Interview** | October 21, 2010 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities. Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-792<br><br>2 pages<br><br>30 Jan 18 Release | Case Study Interview | August 25, 2010 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld IRTF logistics such as office space, A/V support, building access, contracting, and finances; information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and including information that would tend to reveal its agency partners.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-793 | Case Study Interview | August 17, 2010 | DIA | Secret | **Document Description –** Memorandum for the Record |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 30 Jan 18 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; the countries with which it shared intelligence, and including information that would tend to reveal its agency partners. Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-794 | Case Study Interview | October 19, 2010 | DIA | Secret | **Document Description –** Memorandum for the Record |
|---|---|---|---|---|---|
| 4 pages | | | | | **Document Partially Released– Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 30 Jan 18 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and including information that would tend to reveal its agency partners.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-795<br><br>4 pages<br><br>30 Jan 18 Release | **Case Study Interview** | February 9, 2011 | DIA | Secret | **Document Description –**  Memorandum for the Record<br><br>**Document Denied in Full – Exemption (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; including the identities of other agencies with which DIA was coordinating its review; and the countries with which it shared intelligence.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-796<br><br>5 pages<br><br>30 Jan 18 Release | **Case Study Interview** | February 2, 2011 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Partially Released– Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; including the identities of other agencies with which DIA was coordinating its review; and the countries with which it shared intelligence. Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Release of these countries agreements could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-797<br><br>7 pages<br><br>30 Jan 18 Release | **Case Study Interview** | February 2, 2011 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Denied in Full – Exemption (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and including the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-798<br><br>10 pages<br><br>30 Jan 18 Release | **Case Study Interview** | October 27, 2010 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Partially Released – Exemption (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; the countries with which it shared intelligence; and information that would tend to reveal its agency partners. Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests. This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-799 | Case Study Interview | October 19, 2010 | DIA | Secret | **Document Description –** Memorandum for the Record |
|---|---|---|---|---|---|
| 3 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 30 Jan 18 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; including the identities of other agencies with which DIA was coordinating its review; and the countries with which it shared intelligence.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-800

3 pages

30 Jan 18 Release | **Case Study Interview** | October 19, 2010 | DIA | Secret | **Document Description –**  Memorandum for the Record

**Document Denied in Full – Exemption (b)(3), (b)(5), (b)(6)**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and including IRTF logistics such as office space, A/V support, building access, contracting, and finances.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-801<br><br>4 pages<br><br>30 Jan 18 Release | **Case Study Interview** | February 9, 2011 | DIA | Secret | **Document Description –** Memorandum for the Record<br><br>**Document Denied in Full – Exemption (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and including IRTF logistics such as office space, A/V support, building access, contracting, and finances.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-802 | Case Study Interview | March 11, 2011 | DIA | Secret | **Document Description –** Memorandum for the Record |
|---|---|---|---|---|---|
| 8 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** |
| 30 Jan 18 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and including IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information that would tend to reveal its agency partners.  Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-803<br><br>4 pages<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Confidential | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-804<br><br>4 pages<br><br>30 Jan 18 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 16, 2010 | DIA | Confidential | **Document Description –** Email<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-805<br><br>20 pages<br><br>30 Jan 18 Release | **RE DOD Task Force Analytic Review of WikiLeaks** | August 2, 2010 | DIA | Secret | **Document Description –** Email<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information that would tend to reveal its agency partners.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-806<br><br>1 pages<br><br>30 Jan 18 Release | **SENSITIVE NON-RELEASABLE TITLE** | August 8, 2010 | DIA | Secret | **Document Description –** Email<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-807<br><br>2 pages<br><br>30 Jan 18 Release | Review of Data Released to WikiLeaks | Undated | DIA | Secret | **Document Description –** Memorandum from Director, DIA to the Secretary of Defense<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5)**<br><br>Exemption (b)(1): The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>Exemption (b)(3): was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>Exemption (b)(5): DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>Exemption (b)(6): The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-808 | S-10-0025 | August 12, 2010 | DIA | Secret | **Document Description –** Internal Memorandum from Chief IRTF through Director Defense CI & HUMINT Center to Director, DIA |
|---|---|---|---|---|---|
| 5 pages | | | | | |
| 30 Jan 18 Release | | | | | |

**Document Description –** Internal Memorandum from Chief IRTF through Director Defense CI & HUMINT Center to Director, DIA

**Document Partially Released – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**

**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(b)** – foreign government information; section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**

**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**

**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure.

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-809<br><br>2 pages<br><br>30 Jan 18 Release | **S-10-1771** | Undated | DIA | Secret | **Document Description –** Letter from Director DIA to USA NATO Ambassador<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-810<br><br>2 pages<br><br>30 Jan 18 Release | **S-10-70,276** | Undated | DIA | Secret | **Document Description –** Letter from Director DIA to Director of Department of Military Intelligence (other country)<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the DIA unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-811 2 pages 30 Jan 18 Release | S-11-0118 | January 20, 2011 | DIA | Top Secret | **Document Description –** Memorandum from Director, DIA to the Secretary of Defense **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)** **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-812<br><br>2 pages<br><br>30 Jan 18 Release | **S-11-0399** | March 1, 2011 | DIA | Secret | **Document Description –** Internal Memorandum from Chief IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and information that would tend to reveal its agency partners; IRTF logistics such as office space, A/V support, building access, contracting, and finances; and information that would tend to reveal its agency partners.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-813<br><br>25 pages<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **S-11-0406** | March 24, 2011 | DIA | Secret | **Document Description –** Internal Report from Chief IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-814<br><br>9 pages<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **S-11-427** | July 12, 2011 | DIA | Secret | **Document Description –** Internal Report from Chief IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review; and IRTF logistics such as office space, A/V support, building access, contracting, and finances. Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-815<br><br>12 pages<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **S-11-428** | July 25, 2011 | DIA | Secret | **Document Description –** Internal Report from Chief IRTF to Director Defense CI & HUMINT Center<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the DIA unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review; and IRTF logistics such as office space, A/V support, building access, contracting, and finances.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.   Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRTF specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-816<br><br>2 pages<br><br>30 Jan 18 Release | **SECDEF Priorities** | August 19, 2010 | DIA | Secret | **Document Description –** Word Document<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-817<br><br>1 page<br><br>30 Jan 18 Release | **SECDEF Tasks** | Undated | DIA | Unclassified// For Official Use Only | **Document Description –** Slide<br><br>**Document Partially Released – Exemption (b)(3), (b)(5)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA information that would tend to reveal its agency partners.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.  **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-818<br><br>9 pages<br><br>30 Jan 18 Release | **SECDEF Directed Tasks** | Undated | DIA | Secret | **Document Description –** Slides<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-819<br><br>1 page<br><br>30 Jan 18 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-820<br><br>1 page<br><br>30 Jan 18 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence. **No portions of the record withheld under this exemption are reasonably segregable, as they are** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-821<br><br>7 pages<br><br>30 Jan 18 Release | **Task Force 7/25** | July 25, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  Statute **50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-822<br><br>1 page<br><br>30 Jan 18 Release | **Task Force Financial Impact (as of 2 Sep 10)** | Undated | DIA | Unclassified// For Official Use Only | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld IRTF logistics such as office space, A/V support, building access, contracting, and finances.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| V-823<br><br>1 page<br><br>30 Jan 18 Release | **Task Force Financial Impact (as of 26 Aug 10)** | Undated | DIA | Unclassified// For Official Use Only | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld IRTF logistics such as office space, A/V support, building access, contracting, and finances.  Release of this info could compromise intelligence collection capabilities and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al., No. 16-CV-00311 (D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-824<br><br>2 page<br><br>30 Jan 18 Release | **Task Force to Review Unauthorized Disclosure of Classified Information** | Undated | DIA | Unclassified// For Official Use Only | **Document Description –** Memorandum<br><br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **Certain segregable information has been released to Plaintiffs upon further review of this record. No further portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| V-825<br><br>2 pages<br><br>30 Jan 18 Release/ 8 Aug 18 Release | **U-10,697-10 Establishment of Task Force 725** | Undated | DIA | Unclassified// For Official Use Only | **Document Description –** Letter from DIA Director to the Secretary of Defense<br><br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-826<br><br>2 pages<br><br>30 Jan 18 Release | **U-10-70,255** | August 11, 2010 | DIA | Unclassified// For Official Use Only | **Document Description –** Letter from DIA Director to the Under Secretary of Defense<br><br>**Document Denied in Full – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-827<br><br>1 page<br><br>30 Jan 18 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Word document analysis of specific data set<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-828<br><br>1 page<br><br>30 Jan 18 Release | SENSITIVE NON-RELEASABLE TITLE | Undated | DIA | Secret | **Document Description –** Word document analysis of specific data set<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
|  |  |  |  |  | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-829 | SENSITIVE NON-RELEASABLE TITLE | Undated | DIA | Secret | **Document Description –** Word document analysis of specific data set |
|---|---|---|---|---|---|
| 1 page | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)** |
| 30 Jan 18 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| V-830 | SENSITIVE NON-RELEASABLE TITLE | Undated | DIA | Secret | **Document Description –** Word document analysis of specific data set |
|---|---|---|---|---|---|
| 2 pages | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)** |
| 30 Jan 18 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

| V-831 | SENSITIVE NON-RELEASABLE TITLE | Undated | DIA | Secret | **Document Description –** Word document analysis of specific data set |
|---|---|---|---|---|---|
| 1 page | | | | | **Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)** |
| 30 Jan 18 Release | | | | | **Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |
| | | | | | **Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  In particular, this record is a document presented by subordinate officers to superiors reflecting those officers interim assessments of Wikileaks vulnerabilities with respect to particular foreign policy and/or military interests.   This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| | | | | | **Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| | | | | | harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-832<br><br>6 pages<br><br>30 Jan 18 Release | **Weekly Status** | Multiple dates in October 2010 | DIA | Secret | **Document Description –** Word document<br><br>**Document Partially Released – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-833<br><br>1 page<br><br>30 Jan 18 Release | **What Can I do to Help the Cause of Allah** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-834<br><br>42 page<br><br>30 Jan 18 Release/<br>8 Aug 18 Release | **WikiLeaks Brief to DX HUMINT Leaders** | October 14, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology; and **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; the identities of other agencies with which DIA was coordinating its review; and information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Release of this info could compromise intelligence collection capabilities and disrupt future operations.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-835<br><br>1 pages<br><br>30 Jan 18 Release | **Untitled** | Undated | DIA | Secret | **Document Description –** Slide<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; and the identities of other agencies with which DIA was coordinating its review.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-836<br><br>4 pages<br><br>30 Jan 18 Release | **NCIX-231-10** | Undated | ODNI | Secret | **Document Description –** Memorandum<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-837<br><br>3 pages<br><br>30 Jan 18 Release | **FW Further WikiLeaks Details** | August 16, 2010 | NGA | Secret | **Document Description –** Email<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, and cryptology. **No unclassified parts of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the countries with which it shared intelligence; the identities of other agencies with which DIA was coordinating its review; and IRTF logistics such as office space, A/V support, building access, contracting, and finances.  Release of these countries could compromise intelligence sharing agreements we have with these governments and may hinder our relations with other nations with which we did not share the intelligence.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. Release of this info could compromise intelligence collection capabilities and disrupt future operations. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-838<br><br>6 pages<br><br>DoD Letter dated 30 Jan 18 | **Establishment of WikiLeaks Information Review Task Force** | Undated | DoD | Unclassified// For Official Use Only | **Document Description –** Memorandum for the Secretary of Defense from the Under Secretary of Defense for Intelligence<br><br>**Document Released in Part – Exemption (b)(3), (b)(6)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld information that would tend to reveal the number of personnel and resources that were expended on the IRTF project over time and technological capabilities; and the identities of other agencies with which DIA was coordinating its review. Release of this info could compromise intelligence collection capabilities and disrupt future operations. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |
| V-839<br><br>2 pages<br><br>DoD Letter dated 30 Jan 18 | **Request for Information by Office of Secretary of Defense/Public Affairs (OSD/PA) 3 August 2010 reference Information Review Task Force (IRTF)** | Undated | DoD | Unclassified | **Document Description –** Word document input to request for information.<br><br>**Document Released in Full** |

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-840<br><br>3 pages<br><br>DoD Letter dated 09 Aug 18 and 30 Aug 18 | **DoD Information Review Task Force** | Undated | DoD | Secret | **Document Description** – Finished analytic product<br><br>**Document Released in Part – Exemption (b)(1), (b)(3), (b)(5)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations; section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources; and section **1.4(g)** – vulnerabilities or capabilities of system, installations, infrastructures, projects, plans, or protection services related to national security. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. The same statute is also asserted where DIA withheld the identities of other agencies with which DIA was coordinating its review.  Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process.  This document contains comments and recommendations, and its content speaks to the deliberative process regarding the impact assessment of the unauthorized disclosure of information resulting from leaked documents.  In particular, this document is a documents updating DIA leadership regarding policy issues related to IRTF's ongoing review of U.S. vulnerabilities after Wikileaks, for the purpose of informing their decision-making on the contents of the final IRTF report and/or taking countermeasures to mitigate such vulnerabilities.  **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-841<br><br>2 pages<br><br>DoD Letter dated 09 Aug 18 and 30 Aug 18 | **Task Force to Review Unauthorized Disclosure of Classified Information** | August 5, 2010 | DoD | Unclassified// For Official Use Only | **Document Description –** Memorandum<br><br>**Document Released in Full** |
| V-842<br><br>16 pages<br><br>DoD Letter dated 09 Aug 18 and 30 Aug 18 | **DTS Red Team Analysis of WikiLeaks** | September 8, 2010 | DoD | Secret | **Document Description –** Slides<br><br>**Document Released in Part – Exemption (b)(1), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(a)** – military plans, weapons systems, or operations. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, and the IRFT specifically, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated, and thus the information is protected from disclosure. |

***Raffi Khatchadourian v. DIA, et al.,*** No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-843<br><br>6 pages<br><br>NGA Letter dated 24 Aug 18 | **Key Areas of Concern Within Net-Centric Diplomacy Database Related to National Geospatial-Intelligence Agency** | February 18, 2011 | NGA | Secret | **Document Description –** Memorandum<br><br>**Document Released in Part – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents; insights into the impact/damages made because of the unauthorized release of properly classified information; summaries/key metrics on classified data that was compromised because of the unauthorized release; and the names of DIA employees involved in the IRTF. Accordingly, the information is properly classified and protected from release under Executive Order 13526, section **1.4(c)** – intelligence activities, intelligence sources and methods, cryptology; and section **1.4(d)** – foreign relations or foreign activities of the United States, including confidential human sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold names, office symbols, and job titles of NGA employees.  The same statute is also asserted where DIA withheld information that would tend to reveal its agency partners. Release of this info could compromise intelligence sharing agreements and may hinder our relations with other partners with whom we did not work and cause interference with future analytical exchanges.  **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. **No portions of the record withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly withheld portions of the record.** |
| V-844<br><br>2 pages<br><br>DoD Letter dated 30 Aug 18 | **Establishment of a Task Force** | Undated | DoD | Unclassified// For Official Use Only | **Document Description –** Memorandum<br><br>**Document Released in Full** |

*Raffi Khatchadourian v. DIA, et al.,* No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-845<br><br>1 page<br><br>13 Sep 13 Release | **S-11-1421-CE** | July 29, 2011 | DIA | Secret | **Document Description –** Memorandum<br><br>**Document Denied in Part – Exemption (b)(1), (b)(3)**<br><br>**Exemption (b)(1):** The document contains information regarding military plans and operations.  Release of such information would damage the military activities, and abilities of the DoD to successfully conduct military operations. The document also contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. Accordingly, the information is to be accorded protection from mandatory released under Executive Order 13526, section **1.4(a) and 1.4(c). No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names, phone numbers, and information that, if released, would reveal DIA's organizational structure.  **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-846<br><br>119 pages<br><br>13 Sep 13 Release | **Final Report of the Department of Defense Information Review Task Force** | June 15, 2011 | DIA | Secret | **Document Description –** Report<br><br>**Document Denied in Part – Exemption (b)(1), (b)(3), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information regarding military plans and operations. Release of such information would damage the military activities, and abilities of the DoD to successfully conduct military operations. The document also contains information derived from foreign governments, release of which would call into question the confidentiality of exchanges between the U.S. and foreign governments and thereby limit the U.S. Government's ability to obtain information from foreign governments that is essential to national security. The document also contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. Lastly, the document contains information concerning foreign relations and/or foreign activities of the United States Government, the disclosure of which could reasonably be expected to cause exceptionally grave damage to the national security. Accordingly, the information is protected from mandatory released under Executive Order 13526, section **1.4(a), 1.4(b), 1.4(c), and 1.4(d). No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold employee names and contact information, as well as office names/symbols and similar information, the release of which would reveal DIA's organizational structure. Web addresses from a classified network were also withheld. Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. **Statute 50 U.S.C. 3024(i)** also is asserted to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-847<br><br>2 pages<br><br>13 Sep 13 Release | **Untitled** | May 5, 2011 | DIA | Unclassified | **Document Description** – Slides<br><br>**Document Release in Full** |
| V-848<br><br>3 pages<br><br>13 Sep 13 Release | **Untitled** | August 8, 2010 | DIA | Unclassified | **Document Description** – Slides<br><br>**Document Release in Full** |
| V-849<br><br>7 pages<br><br>13 Sep 13 Release | **IRTF Situation Slide Deck 15 AUG 2010** | August 15, 2010 | DIA | Secret | **Document Description –** Slides<br><br>**Document Partially Released – Exemption (b)(3)**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to office names/symbols, locations, and similar information, the release of which would reveal DIA's organizational structure. Computer links from a classified network were also withheld.  Release of this information would give computer savvy entities of hostile intent a tangible target and would compromise the nation's cyber security. **Statute 50 U.S.C. 3024(i)** also is asserted in conjunction with this exemption to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing the impact of the unauthorized disclosure of information resulting from leaked documents.  **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.** |

*Raffi Khatchadourian v. DIA, et al.*, No. 16-CV-00311 *(D.D.C)*
*Defense Intelligence Agency Vaughn Index – Part 2*

| Document # / Page # | Title/Summary | Date | Agency | Class | Comments/Exemptions |
|---|---|---|---|---|---|
| V-850<br><br>8 pages<br><br>13 Sep 13 Release | **SENSITIVE NON-RELEASABLE TITLE** | Undated | DIA | Secret | **Document Description –** Report<br><br>**Document Denied in Full – Exemption (b)(1), (b)(3), (b)(5), (b)(6)**<br><br>**Exemption (b)(1):** The document contains information which, if publicly released, would reveal intelligence sources and methods and compromise the intelligence information collection mission effectiveness of the intelligence community. This includes information that speaks to the methods and processes used in assessing potential sources. Accordingly, the information is protected from mandatory released under Executive Order 13526, section **1.4(c). No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(3):** was used in conjunction with **10 U.S.C. 424** to withhold information that, if released, would reveal DIA functions. **Statute 50 U.S.C. 3024(i)** also is asserted to sections of the document to protect intelligence sources and methods withheld since their release could potentially disclose the method or program in which the information was collected. This includes information that speaks to the methods and processes used in assessing potential sources. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(5):** DIA withheld portions of this document to protect the deliberative process. Specifically, DIA withheld an operational assessment aimed at assisting the DoD in addressing questions relating to the subject matter of the report, as well as conclusions and observations in response to questions posed. **No portions of the records withheld under this exemption are reasonably segregable, as they are inextricably intertwined with the properly classified portions of the records.**<br><br>**Exemption (b)(6):** The document contains information relating to the identification of personnel working within the Intelligence Community, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The public interest in disclosure of this information does not outweigh the harm to the individual whose privacy would be violated. |